JOHN O'DONNELL *vs.* ALVIN C. HITCHCOCK & another.

Franklin. September 22, 1875. AMES & DEVENS, JJ., absent.

A small building placed on another's land, without cellar, chimney or plastering, and constructed of slight materials, in sections, so that it can be taken apart without cutting, and resting upon unbroken ground, is a chattel and subject to attachment by the creditors of its owner.

TORT for breaking and entering the plaintiff's close in Montague, and severing and removing a building therefrom. Writ dated June 1, 1874. The case was submitted to the Superior Court, and to this court on appeal, on an agreed statement of facts in substance as follows :

At the date of the writ, and for some time before, the plaintiff was the owner of the close described in the declaration, with a dwelling-house thereon. These premises had been orally let by the plaintiff to one Coughlan, by the month, and the rent was due on the first day of every month. In May, 1874, Coughlan, who was a photographer, built, at his own expense and for his own use in his business, a small saloon on said close. This was done with the knowledge and consent of the plaintiff.

The building was sixteen feet wide by twenty-five feet long and eight feet high. It was of very slight materials, containing a single room and without cellar, chimney or plastering, and was also built in sections, so framed that they could be taken apart without cutting, the walls being in sixteen pieces, three on each end and five on each side, the floor being of five pieces and the roof of ten, with a large sky light six by eight feet. The building rested upon the top of the ground, which was unbroken, and it was several feet from the plaintiff's house. During the night of May 23 and 24, Coughlan and his family went away and have not since returned.

On Monday, May 25, this building was attached by a deputy sheriff on a writ in favor of the defendants and against Coughlan. At the time of this attachment, the plaintiff had made no entry upon the premises since the departure of Coughlan. Immediately after the attachment was made, the sheriff, at their request, employed the defendants to take the building to pieces by sections, as it was built, and remove the same from the plaintiff's close

which they did forthwith, leaving the same in precisely the same condition in which it was before the building was erected. This removal is the conversion relied upon by the plaintiff. At the time when Coughlan went away, he was in arrears for rent to the amount of about $50. The value of this building, for the purposes of this case, is agreed to have been $80.

While the defendants were removing the building, and when it was half taken down and carried off, the plaintiff, by his agent, came upon the premises and ordered the sheriff not to proceed further in the removal.

Judgment was to be rendered for the plaintiff for $80, if upon the facts stated the action could be maintained; otherwise for the defendants.

*C. G. Delano*, for the plaintiff.

*G. L. Barton*, for the defendants, was not called upon.

BY THE COURT. Upon the facts agreed, it is clear that the structure in question never was affixed to the land or became a fixture in any sense, but was and continued to be a mere chattel.

*Judgment for the defendants.*