## INGRAM v. WILSON.

### In re INGRAM.

(Circuit Court of Appeals, Eighth Circuit. November 2, 1903.)

No. 1,882.

No. 34, Original.

1. BANKRUPTCY—ORDERS—MODE OF REVIEW.
An order made by a court of bankruptcy, on petition of a creditor, directing the sale of property which had previously been set apart to the bankrupt as a homestead, is not one from which an appeal is expressly authorized by section 25 of the bankruptcy act, but is one made in the course of a bankruptcy proceeding, and reviewable on petition to revise under section 24.

2. SAME—JURISDICTION OF BANKRUPTCY COURT.
The homestead of a bankrupt, exempt from his general debts under the laws of the state, does not pass to his trustee, and the court of bankruptcy is without power to order its sale because a particular creditor may have the right, under such laws, to subject it to the payment of his debt.

Appeal from the District Court of the United States for the Southern District of Iowa.

On Petition for Review.

¶ 1. Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

125 F.—58

J. L. Parrish, for appellant.

Howard J. Clark (A. A. McLaughlin, on the brief), for appellee.

Before SANBORN, THAYER, and VAN DEVANTER, Circuit Judges.

THAYER, Circuit Judge. These are bankruptcy cases, one of which comes before us on appeal from an order made by the District Court and the other is an original proceeding which was commenced in this court by a petition for review. Both of these cases involve the same question, the petition for review having been filed because Ingram, the petitioner and appellant, was uncertain whether the order made by the lower court should be brought before this court for review by appeal or by a petition for review.

Adalaska O. Ingram, the appellant and petitioner, was adjudicated a bankrupt on December 27, 1899. After the commencement of bankruptcy proceedings certain real property belonging to the bankrupt, to wit, lots 111, 112, 141, and 142 in the town of Mt. Ayr, in the state of Iowa, were claimed by the bankrupt as a homestead, and as exempt under the laws of the state. On January 30, 1900, this claim was sustained, and the aforesaid property was set aside to the bankrupt as exempt by an order made in the course of the bankruptcy proceedings. At a later date, to wit, on or about September 19, 1902, George W. Wilson, the appellee, presented a petition to the bankrupt court wherein he alleged, in substance, that he was the holder of a note in the sum of $4,000, which was executed by the bankrupt on November 10, 1893, which had been duly proven and allowed as a debt of the bankrupt in the course of the bankruptcy proceedings, on which certain payments had been made before bankruptcy proceedings were inaugurated, and upon which certain dividends had also been paid out of the bankrupt's estate in the course of such proceedings, but that the same had not been fully paid and discharged, and that a balance remained due thereon. Wilson further alleged that Ingram became possessed of the real property aforesaid, which had been set aside to him as exempt, long after the execution and delivery of the last-mentioned note, and that under the laws of the state of Iowa, where said property was located, and where the bankrupt resided, the homestead property of the debtor was liable for the payment of all his debts accrued or existing prior to the acquisition of the property constituting the homestead. He accordingly prayed the bankrupt court to make an order directing the trustee in bankruptcy to take possession of the aforesaid property constituting the homestead, and to sell the same, and apply the proceeds to the extinguishment of the balance due on the aforesaid note in favor of Wilson. Subsequently, on December 18, 1902, the bankrupt court granted the petitioner's prayer by directing the trustee in bankruptcy to proceed to sell at public auction and for cash the real estate constituting the bankrupt's homestead, theretofore set apart to him as exempt, and out of the proceeds of the sale to pay to Wilson, the petitioner, the sum of $2,583.10, being the amount found to be due on the petitioner's note, together with interest thereon at the rate of 8 per cent. per annum from December 12, 1899, and to

pay the balance of the proceeds of the sale of the homestead to the bankrupt. The present appeal, as well as the petition for review, challenge the validity of this order.

Two questions were argued before this court, and have been submitted to us for decision. The first is whether the order below was an order made in the course of bankruptcy proceedings, and reviewable on an original petition for review filed in this court, rather than by an appeal from the order; and the second is whether the bankrupt court had jurisdiction to entertain Wilson's petition for the sale of the homestead, and to make the order to that effect which is now challenged.

The first of these questions is of no great importance now, since the principal question in the case is before us for determination either by virtue of the appeal or the petition for review. We are of opinion, however, that the order in question is an order made in the course of a bankruptcy proceeding, which this court is empowered to revise on a petition for review by virtue of section 24 of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3431]. It is not one of those cases in which an appeal in the ordinary form is expressly authorized by section 25 of the bankrupt act. For that reason we are constrained to hold that it is reviewable by an original petition for review.

Relative to the second question stated above, it is to be observed that since the question was argued in this court it has, in effect, been decided by the Supreme Court in the case of Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061. It was there held, in a case which arose in the state of Georgia, that under the bankruptcy act of 1898 the title to property of a bankrupt which is generally exempted by the law of the state in which the bankrupt resides remains in the bankrupt, and does not pass to the trustee; that the bankrupt court has no power to administer such property, even if the bankrupt has, under a law of the state, waived his exemption in favor of certain creditors; and that the fact that the act confers upon the bankruptcy court authority to control exempt property in order to set it aside does not mean that the court can administer and distribute it as an asset of the estate.

In the case in hand, the property which is involved was generally exempt under the laws of the state of Iowa, the same being the bankrupt's homestead. By virtue of those laws (Code Iowa 1897, § 2976) it could only be sold on execution "for debts contracted prior to its acquisition," and even for such debts it could not be sold except "to supply a deficiency remaining after exhausting the other property of the debtor liable to execution." No creditor of the bankrupt other than Wilson had, as it seems, any interest in the homestead, inasmuch as the facts which he alleged as a basis for the order only showed a right personal to himself to have this property subjected to the payment of his claim after all the other property of the bankrupt had been exhausted. This right, existing only in favor of one creditor, did not cause the title of the homestead to vest in the trustee in bankruptcy, nor did it confer any greater authority upon the bankrupt court to administer upon it by ordering its sale

and the distribution of its proceeds than where, as in the case cited, a single creditor had acquired the right to sell exempt property by force of a private contract which had been entered into in accordance with the laws of the state of Georgia. As the title to the property in question was never vested in the trustee and never became subject to administration by the bankrupt court, we are of opinion that that court was without power to order the sale of the homestead, and that its order to that effect was erroneous, if not void. A creditor like Wilson, who has the right, under certain conditions, to subject the homestead to the payment of his debt, must seek such relief as he is entitled to under local laws in the courts of the state; and if a discharge of the bankrupt from all his debts, when granted by the bankrupt court, will stand in the way of his obtaining relief, that court, after administering upon all the assets subject to its control, may withhold the bankrupt's discharge until a reasonable time has elapsed to enable Wilson to assert his rights in the proper forum. The order of date December 18, 1902, directing the sale of the bankrupt's homestead and the application of the proceeds in the manner heretofore stated, is hereby vacated and annulled, and it will be so certified to the bankrupt court.

The appeal in case No. 1,882 will be dismissed, without the allowance of costs to either party in that proceeding.