## DUFFY v. TEGELER (two cases).

Circuit Court of Appeals, Eighth Circuit.
April 11, 1927.

Nos. 300, 7560.

1. **Bankruptcy** ⟷6—Amendatory act held not applicable to appellate proceedings instituted before it went into effect (Bankruptcy Act, as amended by Act May 27, 1926 [44 Stat. 662]).

Provisions of Bankruptcy Act, as amended by Act May 27, 1926 (44 Stat. 662), do not apply to petitions to revise filed or appeals granted before the act went into effect.

2. **Bankruptcy** ⟷440(14)—Order affirming order of referee setting off exemptions is reviewable only by petition to revise, not by appeal.

Order affirming order of referee setting off bankrupt's exemptions is not appealable, but reviewable only by petition to revise.

3. **Bankruptcy** ⟷396(5)—Temporary removable structures, built in land otherwise exempt as part of homestead, held not to render land nonexempt (Code Iowa 1924, §§ 10135—10137, 10155).

Temporary structures, built on land otherwise exempt to bankrupt as part of homestead,

removable without injury to themselves or the land, though not themselves exempt, *held* not to render the land nonexempt, under Code Iowa 1924, §§ 10135–10137, 10155.

**4. Bankruptcy ☞400(2)—When court of bankruptcy has determined and set aside property generally exempt to bankrupt under laws of state, it has exhausted its jurisdiction over it.**

The title to property of bankrupt generally exempt to him under the laws of the state remains in him and does not pass to his trustee, and when a court of bankruptcy has determined the property so generally exempt, and set it apart to bankrupt, it has exhausted its jurisdiction over such property.

**5. Bankruptcy ☞398(1)—Court of bankruptcy cannot enforce claim of particular creditors against generally exempt property.**

If a creditor claims that property of bankrupt, though exempt generally, is not exempt as to his claim, he must resort to a state court to enforce his right to resort to such property, and the court of bankruptcy may withhold discharge for a reasonable time to permit such proceedings.

Petition to Revise Order of the District Court of the United States for the Northern District of Iowa.

Appeal from the District Court of the United States for the Northern District of Iowa.

In the matter of John H. Tegeler, bankrupt, petition to revise and appeal by John L. Duffy, trustee to review an order affirming the order of a referee setting aside to bankrupt property as homestead exemption. Appeal dismissed, and order affirmed on petition to revise.

Robert P. Roedell, of Dubuque, Iowa (Henry C. Kenline and Herbert J. Hoffmann, both of Dubuque, Iowa, and Leo F. Tierney, of Manchester, Iowa, on the brief), for petitioner and appellant.

Before LEWIS and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. John L. Duffy, as trustee in bankruptcy of the estate of John H. Tegeler, bankrupt, both by petition to revise and appeal, seeks to review an order entered by the District Court in the bankruptcy proceeding on April 29, 1926. This order confirmed an order of the referee setting aside certain property to the bankrupt as his exemptions under the laws of the state of Iowa.

[1] The order granting the appeal was entered on May 7, 1926. The petition to revise was filed in this court on July 12, 1926. Section 18 of the amendatory Act of May 27, 1926 (44 Stat. 662, 667), reads as follows:

"Sec. 18. The provisions of this amendatory act shall govern proceedings, so far as practicable and applicable, in bankruptcy cases pending when it takes effect; but as to proceedings in cases pending when this act takes effect, to which the provisions of this amendatory act are not applicable, such proceedings shall be disposed of conformably to the provisions of said act approved July 1, 1898, and the acts amendatory thereof and supplementary thereto."

Section 20 of the amendatory act provides that it shall take effect and be in force on and after three months from the date of its approval, to wit, three months from May 27, 1926. Since the petition to revise was filed and the appeal granted before the amendatory act went into force and effect, in our judgment, its provisions relative to appeals in bankruptcy matters are not applicable.

[2] The order which the petitioner and the appellant here seeks to review was entered in a proceeding in bankruptcy, as distinguished from a controversy arising in bankruptcy proceedings. Remington on Bankruptcy (3d Ed.) vol. 8, § 3768; Collier on Bankruptcy (13th Ed.) vol. 1, p. 842; Ingram v. Wilson (C. C. A. 8) 125 F. 913, 915. It was not a final decision allowing or rejecting a claim, and is therefore not appealable under the provisions of section 25a. Remington on Bankruptcy (3d Ed.) vol. 8, § 3733; Collier on Bankruptcy (13th Ed.) vol. 1, p. 843; Holden v. Stratton, 191 U. S. 115, 24 S. Ct. 45, 48 L. Ed. 116; In re Youngstrom (C. C. A. 8) 153 F. 98. It is therefore reviewable only by petition to revise, under which questions of law alone may be considered. Remington on Bankruptcy (3d Ed.) vol. 8, sec. 3768; Ingram v. Wilson, supra; Foster v. McMasters (C. C. A. 8) 15 F.(2d) 751; Taylor, Trustee, et al. v. Voss, Trustee, 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 889.

The appeal will therefore be dismissed.

The bankrupt claimed as a homestead exemption, a tract of land 31 acres in area, situated near the town of Dyersville, Iowa. On this tract of land were situated the home of the bankrupt and certain outbuildings used in connection therewith, and also certain buildings used as an amusement park. These latter buildings consisted of a dance hall, a small clubhouse, refreshment stands, and summer cottages. The referee found and adjudged that the 31 acres of land and the dwelling house, a garage, and two chick-

en houses, and a light plant to the extent of $300, all situated thereon were exempt under the laws of the state of Iowa and set them aside to the bankrupt as his exemptions. The referee found and adjudged that the other buildings situated on the 31-acre tract were not exempt.

On a petition to review the order of the referee, the District Court found that the buildings found and adjudged by the referee's order to be nonexempt were temporary structures, and were not so constructed as to become a part of the land upon which they were situated, and to impart to the land their nonexempt character, and confirmed the order of the referee.

The applicable provisions of the Iowa statutes are found in sections 10135, 10136, 10137, and 10155, Code of Iowa 1924. They read as follows:

"10135. '*Homestead*' *Defined.* The homestead must embrace the house used as a home by the owner, and, if he has two or more houses thus used, he may select which he will retain. It may contain one or more contiguous lots or tracts of land, with the building and other appurtenances thereon, habitually and in good faith used as a part of the same homestead. (C., '51, §§ 1250, 1251; R., '60, §§ 2282, 2283; C., '73, §§ 1994, 1995; C., '97, § 2977; 40 G. A., ch. 237, § 1.)"

"10136. *Extent and Value.* If within a city or town plat, it must not exceed one-half acre in extent, otherwise it must not contain in the aggregate more than forty acres, but if, in either case, its value is less than five hundred dollars, it may be enlarged until it reaches that amount. (C., '51, Sec. 1252; R., '60, Sec. 2284; C., '73, Sec. 1996; C., '97, Sec. 2978; S., '13, Sec. 2978; 40 G. A., ch. 237, Sec. 2.)"

"10137. *Dwelling and Appurtenances.* It must not embrace more than one dwelling house, or, any other buildings except such as are properly appurtenant thereto, but a shop or other building situated thereon, actually used and occupied by the owner in the prosecution of his ordinary business, and not exceeding three hundred dollars in value, is appurtenant thereto. (C., '51, Sec. 1253; R., '60, Sec. 2285; C., '73, Sec. 1997; C., '97, Sec. 2978; S., '13, Sec. 2978; 40 G. A., ch. 237, Sec. 2.)"

"10155. *Debts for Which Homestead Liable.* The homestead may be sold to satisfy debts of each of the following classes:

"1. Those contracted prior to its acquisition, but then only to satisfy a deficiency remaining after exhausting the other property of the debtor, liable to execution. * * *"

At the hearing before the referee, the trustee offered evidence to show that the indebtedness which is the basis of the claim of one of the creditors of the bankrupt, Farmers' State Bank of Dyersville, is an indebtedness which was incurred prior to the acquisition by the bankrupt of the 31-acre tract.

The assignments of error may be considered under two propositions:

First, that the court erred in not finding and adjudging that the land upon which the nonexempt buildings were situated was nonexempt;

Second, that the court erred in refusing to adjudge that the referee erred in rejecting the evidence offered to show that the 31-acre tract was not exempt as to the claim of the Farmers' State Bank of Dyersville.

[3] It will be observed that section 10137, supra, provides that buildings situated upon the homestead actually used and occupied by the owner in the prosecution of his business not exceeding $300 in value shall be appurtenant to the homestead. This clearly contemplates that the homestead may be used, not only for a home, but as a place where the owner may prosecute his ordinary business. It follows, therefore, that the use of the 31-acre tract in part for an amusement park would not of itself render any part of the tract nonexempt as a homestead. Furthermore, it is clear that, if the nonexempt buildings had not been situated on the land, the bankrupt could have claimed the entire 31-acre tract exempt as a homestead. Did the construction of these buildings thereon render any part of the land nonexempt? We think this depends upon whether the buildings were of such a character as to become permanently affixed to the land and to become a part thereof. If they became part of the land, they would impart to that portion upon which they were situated their nonexempt character. If they did not, they would not affect the exempt character of the land. The trial court found as above stated that they were temporary structures, and that they could be readily removed without damage to the land or serious depreciation to themselves. We are bound by such findings. They warrant the legal conclusion that such structures did not become part of the land, so as to impart to it their nonexempt character. Carlin v. Ritter, 68 Md. 478, 13 A. 370, 16 A. 301, 6 Am. St. Rep. 467;

O'Donnell v. Hitchcock, 118 Mass. 401; Pennybecker v. McDougal, 48 Cal. 160; Wansbrough v. Maton, 4 A. & E. 884, 31 E. C. L. 386, 111 Reprint, 1016; Rex v. Otley, 1 B. & Ad. 161, 20 E. C. L. 438, 109 Reprint, 747; Wiltshear v. Cottrell, 1 E. & B. 674, 72 E. C. L. 674, 118 Reprint, 589; Stone v. Livingston, 222 Mass. 192, 110 N. E. 297; 26 C. J. p. 663, Sec. 14, p. 664, Sec. 15, p. 671, Sec. 27.

[4, 5] It is clear that the evidence rejected by the referee was immaterial in the bankruptcy proceedings. The title to the property of a bankrupt generally exempt to him by the laws of the state remains in him and does not pass to the trustee in bankruptcy and when a court of bankruptcy has determined the property that is exempt generally to the bankrupt and set it apart to him, it has exhausted its jurisdiction over such property. If creditors claim that the property, while exempt generally, is not exempt from process to enforce their particular debts, they must resort to a state court of competent jurisdiction to enforce payment of their debts out of such property. On proper application, the discharge should be withheld for a reasonable time to enable such creditors to institute and prosecute the necessary proceedings in the state court to protect and make effectual their rights against such property. Collier on Bankruptcy (13th Ed.) vol. 2, p. 1744, 1745; Remington on Bankruptcy (3d Ed.) vol. 3, § 1285, p. 161; Ingram v. Wilson (C. C. A. 8) 125 F. 913, 915; Gregory Co. v. Bristol (C. C. A. 8) 191 F. 31, 32; In re Vonhee (D. C. Wash.) 238 F. 422; In re Maxson (D. C. Iowa) 170 F. 356; In re Brumbaugh (D. C. Pa.) 128 F. 971; In re Wells (D. C. Ark.) 105 F. 762; In re Remmerde (D. C. Iowa) 206 F. 822; Lockwood v. Exchange Bank, 190 U. S. 294, 23 S. Ct. 751, 47 L. Ed. 1061.

It follows that the order of the District Court was proper, and the petition to revise will therefore be denied.