## In re WATSON.

District Court, W. D. Arkansas, Eldorado Division. July 19, 1927.

No. 36B.

Bankruptcy ⬤═400(2)—Court has no further jurisdiction over property set off as generally exempt.

After property has been set off to a bankrupt as a general exemption under the laws of the state, the bankruptcy court has no further jurisdiction over it, and cannot entertain a petition to subject it to the debt of a particular creditor.

22 F.(2d)—44

In Bankruptcy. In the matter of W. W. Watson, bankrupt. On petition of W. G. Jaynes for review of order of referee. Dismissed.

Allyn Smith, of El Dorado, Ark., for petitioner.

E. L. Compere, of Hamburg, Ark., for trustee.

YOUMANS, District Judge. This is a petition for review by W. G. Jaynes of an order of the referee refusing the application of Jaynes to make the property, set aside to the bankrupt as exempt under the law of Arkansas, subject to a judgment of said Jaynes on the ground that said judgment was obtained for a tort, and not on contract. The petition of Jaynes was denied by the referee on two grounds: (1) That the referee had no jurisdiction to determine the question; (2) that bankrupt was entitled to exemptions against the judgment of Jaynes.

The testimony showed that the judgment referred to was recovered in an equity suit to dissolve and settle a partnership, in which Jaynes and the bankrupt were two of three partners. In view of the present state of the law, it is not necessary to determine the effect of the state statute. The only question necessary to be determined here is the jurisdiction of this court to pass upon a proposition with reference to exempt property generally. In the recent case of Duffy v. Tegeler, 19 F.(2d) 305, decided by the Circuit Court of Appeals of the Eighth Circuit April 11, 1927, it was held as follows:

"The title to the property of a bankrupt generally exempt to him by the laws of the state remains in him and does not pass to the trustee in bankruptcy, and when a court of bankruptcy has determined the property that is exempt generally to the bankrupt, and set it apart to him, it has exhausted its jurisdiction over such property. If creditors claim that the property, while exempt generally, is not exempt from process to enforce their particular debts, they must resort to a state court of competent jurisdiction to enforce payment of their debts out of such property. On proper application, the discharge should be withheld for a reasonable time to enable such creditors to institute and prosecute the necessary proceedings in the state court to protect and make effectual their rights against such property."

Under that decision, without reference to any others, the decision of the referee on the question of jurisdiction must be sustained. Therefore the petition for review will be dismissed.