**In re Matthew G. REGEVIG and Angelia M. Regevig, Debtors.**

**No. 2:08–BK–02547–RJH.**

United States Bankruptcy Court, D. Arizona.

Aug. 21, 2008.

Charles M. Leftwich, Esq., Clark Law Office, for Debtors.

Terry A. Dake, Esq., Terry A. Dake, Ltd., for Ch 7 Trustee Jill Ford.

## ORDER DENYING MOTION FOR RECONSIDERATION OR NEW TRIAL

RANDOLPH J. HAINES, Bankruptcy Judge.

Asserting both substantive and procedural grounds. Debtors have moved for reconsideration of this Court's Opinion concluding that California's bankruptcy-only exemption statute [1] violates the Supremacy Clause of the U.S. Constitution.

**California Attorney General Has Not Sought Intervention Within 60 days**

Debtors argue that although this Court gave the California Attorney General an opportunity to intervene pursuant to 28 U.S.C. § 2403(b), the Court allowed the Attorney General only nine days to do so whereas F.R.Civ.P. Rule 5.1 requires 60 days' notice.

Although Bankruptcy Rule 7005 incorporates F.R.Civ.P. Rule 5 in adversary proceedings, Bankruptcy Rule 9014(c) does not make that rule applicable in contested matters such as this. Nonetheless, more than 60 days have now passed since the Court issued that certification and the Attorney General has made no effort to intervene.

**Certification to the U.S. Attorney General is Not Required**

■The Debtors also argue that the Court was required to certify the constitutional question to the United States Attorney General pursuant to 28 U.S.C. § 2403(a). That requirement, however, applies only when the constitutionality of any federal law is drawn in question. Here, the Trustee's objection to the Debtors' claim of California's bankruptcy-only exemptions did not call into question the constitutionality of any federal law.

**Code § 522(d) Occupies the Field of Bankruptcy–Only Exemptions; Congress Has Not Invited States to Create Bankruptcy–Only Exemptions**

■ The Debtors' principal substantive argument is that Congress has not occupied the field of defining bankruptcy-only exemptions but to the contrary has invited states to do so.

■ Debtors' argument reflects a fundamental misconception of the nature of state exemption laws and the role that Congress has authorized them to play in bankruptcy cases. It is certainly true that in the Bankruptcy Acts of 1867 and 1898 and the Bankruptcy Code of 1978, Congress recognized that property that is exempt from creditors under state exemption laws is exempt from property of the estate. Those federal laws did not, however, authorize states to define what is exempt from becoming property of the estate. The primary meaning of "exemption" refers to property that is exempt from levy and sale by attaching creditors under state law. The language of the first bankruptcy act incorporating these state law exemptions made this clear:

Provided, however, That there shall be excepted from the operation of the provisions of this section [defining property of the estate] . . .

such other property not included in the foregoing exceptions as is exempted from levy and sale upon execution or other process or order of any court by the laws of the State in which the bankrupt has his domicile at the time of the

1. California Code of Civil Procedure § 703.140(b).

commencement of the proceedings in bankruptcy .... [2]

Thus the incorporation of state exemption laws has always, since 1867, incorporated only those laws that exempt property from general creditors' process such as writs of execution, garnishment and pre- and post judgment attachment. And Congress has never permitted states to define what is exempt from a bankruptcy estate, but only what is exempt from general creditors' process. Congress has never incorporated exemption laws that are limited to a particular creditor but only those that generally exempt property from attachment or levy by general creditors.[3]

Moreover, the decision in 1867 and 1898 to exempt from the bankruptcy estate property that states render exempt from general creditors' levy was solely a decision made by Congress. In making that decision, Congress did not invite states to define what is exempt in a bankruptcy case, any more than it has ever invited states to define what constitutes property of the estate. That, of course, remains an exclusively federal decision.

California's bankruptcy-only exemptions certainly do not fit this fundamental definition of exemptions that has remained virtually unchanged for almost a century and a half. Cal.C.C.P. § 703.140(b) does not purport to render such property exempt from general creditors' levy or attachment.

The Bankruptcy Code's addition of a uniform set of federal exemptions, even with its provision allowing states to "opt out," certainly did nothing more to extend to states an invitation to define what is exempt from the bankruptcy estate. To the contrary, it did precisely the opposite. By defining, for the first time, a set of bankruptcy-only exemptions, Congress occupied that field more clearly and exclusively than ever before. And by allowing states to opt out of these bankruptcy-only exemptions it did not invite states to define them instead. Rather, it merely authorized states to limit debtors to claiming as exempt the property that is generally exempt from creditor process.

Having defined the property that can be exempt from a bankruptcy estate even though not exempt from general creditors' process within the state, Congress has announced the supreme law of the land that cannot be varied by a state statute.

## California Law Does Not Authorize Federal Exemptions

■ In the motion for reconsideration, Debtors have argued that if they cannot claim California's bankruptcy-only exemptions, then they reserve the right to claim the federal bankruptcy exemptions. They argue they can do so because the provision whereby California "opts out" of the federal exemptions does not apply to them, because they are not California residents.

The argument misconstrues Code § 522(b)(2) and (b)(3). These provisions define the law that is "applicable to the debtor" not on the basis of whether he is a current resident, but on the location of his domicile during the defined period of time. Under the facts here, that "applicable law" is indisputably California law. The provision that permits states to opt out—Code § 522(b)(2)—does not refer to the state

**2.** Bankruptcy Act of 1867, § 14.

**3.** *See, e.g., Duffy v. Tegeler,* 19 F.2d 305 (8th Cir.) ("[W]hen a court of bankruptcy has determined the property that is exempt generally to the bankrupt and set it apart to him, it has exhausted its jurisdiction over such property. If creditors claim that the property, while exempt generally, is not exempt from process to enforce their particular debts, they must resort to a state court of competent jurisdiction to enforce payment of their debts out of such property.")

law that is *currently* applicable to the debtor but rather to the state law that was applicable during the relevant time period. That state law, here California law, clearly did not authorize the Debtors to claim federal exemptions. The Code and California law therefore preclude the debtor from claiming the federal bankruptcy exemptions.

**The Opinion is Not Advisory**

Finally, Debtors argue the Court's opinion is advisory because the Trustee had stated this is a "no asset" case. But there clearly are assets if the Trustee's objection to exemptions is upheld. Without California's bankruptcy-only "wildcard" exemption, the Debtors cannot claim four vehicles as exempt and therefore there will be assets for the Trustee to administer under this ruling.

For these reasons, the Debtors' Motion for Reconsideration or New Trial is denied.