SAMUEL WHARTON ET AL., RESPONDENTS, v. CITIZENS BANK OF BOSWORTH, MISSOURI, APPELLANT.*

Kansas City Court of Appeals. April 1, 1929.

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 128, p. 372, n. 53; Bankruptcy, 7CJ, section 707, p. 397, n. 97; Courts, 15CJ, section 513, p. 1085, n. 89; Husband and Wife, 30CJ, section 106, p. 573, n. 99.

*S. J.* and *G. C. Jones* for respondents.

*Franken & Timmons* for appellant.

BARNETT, C.—This is a suit to ascertain title, but the issues which were tried were tendered by a cross-bill. Plaintiffs are husband and wife. They filed a petition in which they alleged that they were the owners of certain real estate as tenants by the entirety;

that defendant bank claimed some estate, interest, lien or claim to such real estate but had no such interest and that defendant's claim cast a cloud upon the title. It was further alleged that the plaintiffs were informed and believed that defendant claimed a lien or encumbrance against the estate on account of a judgment rendered in the circuit court of Carroll county, Missouri, in favor of defendant bank and against the plaintiff, Princis Wharton, but that such judgment did not constitute a valid lien against the real estate.

Defendant filed an answer and cross-bill in which it was admitted that plaintiffs were husband and wife and that defendant had obtained its judgment against the wife, Princis Wharton, and that defendant claimed a lien upon the real estate described in the petition. The answer further alleged that the plaintiffs borrowed money from the defendant for the purpose of paying interest on a loan upon said real estate at a time when they owned the real estate as tenants by the entirety; that said loan was renewed by giving a new note therefor, and that the judgment was obtained upon the renewal note against the wife, Princis Wharton. It was alleged that the notes were executed by both of the plaintiffs and that defendant was "looking to the real estate described in plaintiffs' petition, held as tenants by the entirety by plaintiffs as property out of which they could secure the repayment of said loan and loaned the money to plaintiffs and required both of plaintiffs to sign said note in order that said land could be held and sold upon a judgment secured upon said notes or either of them." The answer further alleged that the plaintiff Samuel Wharton was adjudged a bankrupt by the district court of the United States for the western district of Missouri, and that because of such an adjudication judgment could not be obtained against both of the plaintiffs, but that the debt for which the note was given was a joint debt and the note given therefor was joint and several, and that except for said bankruptcy proceedings a joint judgment would have been obtained against both plaintiffs; that the land described in the petition was the property relied upon by defendant at the time of extending credit to the plaintiffs as the property out of which the debt could be made; that prior to the adjudication of bankruptcy the real estate was liable to be sold under execution upon a joint judgment against the plaintiffs and that said real estate was still liable to such sale, except for such bankruptcy proceedings; that the bankruptcy proceedings were voluntary proceedings by plaintiff, Samuel Wharton, and that he had thus by his voluntary act deprived defendant of its right to obtain a joint judgment against the plaintiffs and that the action of Samuel Wharton in securing the adjudication of bankruptcy was done with fraudulent intent and for the purpose of depriving defendant of its right to secure a joint judgment and to have the real estate sold under

execution; that the plaintiff, Princis Wharton, had no other property out of which defendant's debt might be made and that by reason of such facts defendant had an equitable lien upon the premises to secure the payment of said note and that defendant had no adequate remedy at law. The cross-bill prayed that the court adjudge and decree a lien upon the real estate in favor of defendant and that the lien be enforced and the real estate sold to satisfy the same, together with all interest and costs of suit, and defendant prayed for such other and further relief as to the court should seem meet and proper. The reply was a general denial.

The evidence justified a finding that all of the allegations of fact in the cross-bill were true. The court rendered a decree, which, omitting the findings of fact, is as follows:

"Wherefore the court ascertains, adjudges, determines and defines the title to said real estate to be, that plaintiffs herein are the sole and exclusive owners thereof as tenants by the entirety and that defendant has no estate, title, lien, claim or interest whatever in and to said real estate or any part thereof.

"It is further ordered and adjudged that said judgment so rendered in favor of the Citizens Bank of Bosworth (defendant herein) against Princis Wharton (one of the plaintiffs herein) at the January term, 1928, of this court be and the same is hereby declared to not create any lien, claim, title or encumbrance on said real estate hereinbefore described or any part thereof, and it is further ordered, adjudged and decreed by the court that any apparent lien which said judgment purports to create or any lien or encumbrance claimed by the defendant, the Citizens Bank of Bosworth, on account of said judgment be and the same is hereby cancelled and annulled.

"It is further ordered and adjudged that the defendant, the Citizens Bank of Bosworth be and it is hereby estopped, barred and precluded from setting up any claim, lien or encumbrance against said real estate or any part thereof on account of said judgment."

Defendant's motion for new trial was filed and overruled and defendant appealed.

It is always our duty to ascertain whether or not we have jurisdiction of an appeal, whether the question is raised or not. At first this was a suit to ascertain title to real estate. However, the answer and cross-bill only set up the claim that defendant was entitled to a lien upon the land, and this was the only question adjudicated. Our Supreme Court has held that where the plaintiff simply seeks to charge a demand upon certain real estate that the Supreme Court has no jurisdiction of the appeal upon the ground that the title to real estate is involved. [McGregor v. Pollard, 130 Mo. 332.] That court has also held that where plaintiff files a petition to ascertain title to real estate, but the only answer filed in the case sets up the

sole claim that the defendant is the owner of a tax bill which defendant claims to be a lawful lien upon the plaintiff's land, then the Supreme Court in determining its jurisdiction looks to the real issue and the real question that was decided, and not to abandoned or fictitious issues; that such a suit is merely to declare or determine the validity of a lien upon real estate, that the Supreme Court has no jurisdiction upon the ground that the title to real estate is involved. [Platt v. Parker-Washington Co., 235 Mo. 467.] We therefore hold that this cause was properly appealed to this court.

At common law man and wife were considered as one. In Missouri the enabling statutes have given a married woman power to contract and to convey her property; but so far as estates by the entirety are concerned, the ancient conception of man and wife still lives. As one, they are endowed with characteristics of a legal entity that has power to own real and personal property, subject the property to liens and charges, and to contract debts, which, when reduced to judgment against the entity (a joint judgment against both spouses) will permit its property to be sold under an execution on that judgment. None of these things may be accomplished by dealing with or against either spouse, but only by dealing with or against them jointly. But man and wife do not constitute an artificial person. It is impossible to obtain a judgment against the entity, independent of a judgment against its natural members. The judgment must be against the husband and wife. Such a judgment has all the characteristics of a joint judgment against co-debtors; so that the property of each may be seized under execution for the satisfaction of the full amount of the judgment. But it has another characteristic. It will support the levy of an execution upon the estate by the entirety. There is no other method of subjecting this estate to the satisfaction of a debt, without the aid of a lien voluntarily created by the husband and wife.

In this case the bank extended credit to the entity. It follows that upon the maturity of the debt the bank had a right to proceed against husband and wife jointly, and thus reduce the debt to a judgment that would be a lien on the real estate owned by them as tenants by the entirety. Before this was accomplished the husband filed a voluntary petition in bankruptcy. Though he was insolvent, the legal entity (husband and wife) was not. Though his property vested in a trustee in bankruptcy for the benefit of his creditors, the estate by the entirety did not. Appellant believes that the law would go to unnecessary length if it should declare that the husband, by obtaining a judgment in bankruptcy, could thereby break down the joint nature of the obligation and thus deprive the bank of its right to seek satisfaction of its debt out of the estate by the entirety, in view of the fact that the Federal court, sitting in bank-

ruptcy, would not and could not seize the estate for the satisfaction of the husband's debts. It would be a hard rule that would permit the husband to accomplish such result except upon the default of the creditor. But we are convinced that the misfortune which has been visited upon the creditor is due to the fact that it has permitted its right to be extinguished by a default judgment. The bankruptcy act provides that upon the filing of a petition in bankruptcy, actions in other courts shall be stayed until after an adjudication or a dismissal of the petition, and if the defendant is adjudged a bankrupt, actions against him in other courts may be further stayed until twelve months after the date of the adjudication, or, if within that time defendant applies for a discharge, then until the question of such discharge is determined. Under this statute the filing of the petition peremptorily stays actions against the bankrupt in other courts until an adjudication or dismissal of the petition. But when the defendant or voluntary petitioner has been adjudicated a bankrupt, whether a further stay shall be granted is discretionary. [7 C. J. 350.] It therefore follows that when the husband made application to be adjudged a voluntary bankrupt, the bank could have instituted a suit in the State court against him and his wife as soon as he was adjudicated a bankrupt and before he had received a discharge. The bank would not have run the risk of a discharge being granted before final judgment against the husband and wife if it had taken advantage of the remedies that were available. In Lockwood v. Exchange Bank, 190 U. S. 294, the Supreme Court of the United States held that the title to property which was exempt from execution under the State law did not pass to the trustee in bankruptcy, and if a creditor had a right under the State law to subject the exempt property to the satisfaction of his claim, the Federal court would, upon proper application, withhold the discharge of the bankrupt until a reasonable time had elapsed to enable the creditor to assert his claim in the State court. In the case of In re Brumbaugh, 128 Fed. 971, it was held that where it was contended that a bankrupt was not entitled to retain property claimed as exempt as against a judgment for breach of promise of marriage, and the only way in which the judgment creditor could test the question was by proceeding in the State court, the bankrupt's discharge should be withheld to afford the creditor reasonable opportunity to test her rights by proceeding to judgment in the State court.

In the case of Ingram v. Wilson, 125 Fed. 913, the United States Circuit Court of Appeals for the eighth circuit held that the homestead of a bankrupt was no part of the estate which passed to the trustees in bankruptcy, because it was exempt from his general debts under the law of the State; and that the result was not changed

because a particular creditor might sell the homestead under execution on the ground that the debt was contracted before the homestead was acquired; that the creditor should proceed to judgment in the State court, and the Federal court, upon proper motion, would withhold the bankruptcy discharge for a reasonable time to enable him to assert his rights under the State law. In the case of In re Marshall Paper Co., 95 Fed. 419, it was held that where a bankrupt corporation applied for a discharge and for an injunction to restrain a creditor from prosecuting to judgment in the State court a suit against the corporation, the injunction would be denied and the discharge would be withheld for a reasonable time where it appeared that the object of the creditor was to enforce the liability of directors and stockholders of the corporation for its debts, but by the terms of a statute, the creditor was required to recover a judgment against the corporation in order to establish the liability of the directors and stockholders. In the case of In re Maaget, 173 Fed. 232, it was held that a court of bankruptcy may properly permit an attachment creditor to prosecute his action to judgment against the bankrupt for the purpose of perfecting his right of action against the surety where a judgment against the principal was necessary to perfect the surety's liability. The case of In re Ennis and Stoppani, 171 Fed. 755, is to the same effect.

It is true that when such a suit and stay are thus permitted, the Federal court will thereafter grant the discharge if the bankrupt has shown himself entitled thereto under the terms of the Federal statute. This will release the bankrupt from all personal liability upon the judgment; but the discharge, though it destroys the personal liability and all right to thereafter perfect a lien depending thereon, does not destroy an existing lien nor the power to enforce it. It therefore follows that if the appellant had made application to the Federal court for permission to bring suit against the bankrupt for the purpose of subjecting the estate by the entirety to the satisfaction of the joint debt and for a stay of proceedings upon the application for discharge until that suit could proceed to judgment, the permission would have been granted and the discharge would have been withheld. Then it could have obtained a joint judgment which would have been a lien upon the real estate held by the husband and wife as tenants by the entirety. The subsequent discharge would have disabled the appellant to seek satisfaction of its claim out of any of the individual property of the bankrupt, but the lien which it had perfected against the land owned by the husband and wife would have remained enforceable.

Since appellant had both a right and an adequate remedy which it failed to assert, what equity is presented by the cross-bill in this case? Appellant contends that the estate by the entirety never

became an asset of the trustee in bankruptcy, and therefore the *adjudication* of bankruptcy did not affect the property. This is true, but the *discharge* in bankruptcy destroyed his debt.

The only right that appellant ever had was to obtain a judgment against the husband and wife jointly, and thus perfect a lien upon the real estate which they owned as tenants by the entirety. When the husband filed his petition in voluntary bankruptcy, that did not prevent appellant from proceeding to assert its right. But it lost its rights by default. That is no reason why a court of equity should fail to give full faith and credit to the judgment of the Federal court.

Appellant cites a number of cases, among others the case of Ager v. Murray, 105 U. S. 126, to the effect that it is within the general jurisdiction of a court of chancery to assist a judgment creditor to reach and apply to the payment of his debt any property of the judgment debtor which, by reason of its nature only, and not by reason of any positive rule exempting it from liability for debt, cannot be taken on execution at law. Nothing is more firmly settled than that a creditor's bill may be prosecuted under such circumstances; but it is novel doctrine that a creditor's bill may be maintained, not upon the ground that the legal remedy is inadequate, but because plaintiff's right has been destroyed.

When the husband received his discharge in bankruptcy, appellant's right to a joint judgment against the spouses was destroyed, because its right to proceed to judgment against the husband was destroyed. All objections to his right to a discharge and all relief which appellant might have claimed in the bankruptcy proceedings are now adjudged against it. The discharge is *res adjudicata*. It is true that under the terms of the bankruptcy act itself, certain debts are not discharged, the right to relief against guarantors and sureties of the bankrupt remains unimpaired, and perfected liens which were originally incident to the debts of the bankrupt may still be enforced. Creditors who prosecute claims under the saving claims of the bankruptcy act after the discharge do not collaterally attack the judgment. They do not attack it at all. The effect of the judgment is fixed by the act of Congress. There is no power in a court of equity to read exceptions into the operation of the judgment of discharge, because Congress has considered what exceptions shall be made and has defined and enumerated them by legislative act. The expression of the exceptions in the act excludes the idea that there is any inherent power in a chancellor to recognize exceptions not enumerated.

It is idle to say that the husband committed a fraud when he filed a voluntary petition in bankruptcy. If he committed such fraud as would defeat his right to a discharge, the appellant should

have opposed the bankrupt's application therefor. If something else is considered to be a fraud, then this assignment of error is a mere invitation to a State court to blunt the effect of a Federal judgment upon grounds of public policy. It is obvious that we have no power to do so. It is no objection to the full recognition of the discharge as a final judgment, that a spouse may be adjudicated a bankrupt before the joint note has become due. In that case the creditor's right would exist, but the remedy would be inadequate. Then a court of equity could render a judgment and stay the execution until the time when the note became due, upon the ground that equity affords relief whenever a right exists and no adequate remedy at law is available.

The appellant contends that the court committed error by including an order in the decree that the bank is estopped, barred and precluded from setting up any claim, lien or encumbrance against said real estate or any part thereof on account of "said judgment" (the judgment against the wife). We think that paragraph of the decree should have been omitted. If the husband should die before the judgment against the wife is barred by Statute of Limitations, the bank should be free to issue an execution upon the judgment and levy upon the property which would then belong to the wife alone. If the decree remains as it is it would then be claimed that in this suit to quiet title this right was adjudged against the bank, and, right or wrong, the judgment is conclusive.

The decree is reversed and the cause remanded with instructions to the trial court to enter a decree that plaintiffs are the sole and exclusive owners of the real estate in question as tenants by the entirety, and that defendant now has no estate, title, lien, claim or interest in or to said real estate or any part thereof, and that the judgment rendered in favor of Citizens Bank of Bosworth against Princis Wharton, at the January, 1928, term of that court is not a lien or encumbrance upon said real estate, and for costs, but omitting any declaration or order that the Citizens Bank of Bosworth is estopped, barred or precluded from hereafter setting up any claim, lien or encumbrance against the real estate. *Lee, C.,* concurs.

PER CURIAM:—The foregoing opinion by BARNETT, C., is hereby adopted as the opinion of the court. All concur, except *Trimble, P. J.,* absent.