### In the Matter of Curtis Lee TAYLOR, Bankrupt.

#### No. 67–BK–152.

United States District Court
W. D. Virginia,
Danville Division.

Feb. 21, 1968.

Allan Garrett, Garrett, Garrett & Smith, Danville, Va., for bankrupt.

John W. Swezey, Martinsville, Va., trustee.

### Opinion and Judgment

DALTON, Chief Judge.

This case is before the court upon a petition of Piedmont Trust Bank, a creditor of the bankrupt, to review an order of the referee in bankruptcy entered November 28, 1967. The referee held that Piedmont Trust's objections to the bankrupt's discharge arrived after the date set for the filing of such objection, and since no good cause was shown for the granting of an extension, the objection would not be accepted. For the reasons stated below, this court feels that the decision of the referee should be reversed and that the objections of Piedmont Trust to the bankrupt's discharge should be considered.

October 5, 1967 was set by the referee as the last date upon which objections to the discharge could be filed. The present controversy arises from the fact that although Piedmont Trust's objections to discharge arrived at the referee's office on October 5, the required $10 filing fee, which must accompany all such objections, had inadvertently not been included. The objections were then returned to Piedmont Trust which immediately upon learning of the oversight on October 12, 1967 filed its written specification of objection and the required filing fee. Of course, this completed filing occurred several days after the expiration of the date within which the objections could be filed. The bankrupt then on October 31, 1967 moved

that the petitioner's objection to discharge be stricken from the record for the reason that it was not timely filed. At the hearing held November 15, 1967 Piedmont Trust argued that its late filing should be excused because of its innocent mistake and that the period of time for the filing of objections should be extended, after the fact, to October 12, 1967. The referee ruled against Piedmont on both points.

Both the referee and the petitioner have dwelled at length on the problem of whether an order extending the time for the filing of objections should properly be granted after the time originally fixed has expired. In the court's opinion this argument is not determinative, for this court clearly feels that it was beyond the equitable considerations which must guide a bankruptcy court in the exercise of its discretion, to determine the rights of a creditor on the technicality of his inadvertent failure to include the $10 filing fee. The court in reaching this decision assumes, and it is uncontroverted, that the objections to discharge were in proper form with the exception of the required fee and were received in the referee's office on October 5, 1967.

This court does not dispute the existence and the validity of the authority under which the referee's procedure was established. See, Schedule of Special Charges to be made under § 40, sub. c (3) of the Bankruptcy Act. Nor by this opinion does the court question the propriety of the referee's office initially refusing to accept the objection to discharge filed without the required fee. However, this court does believe that upon notification by the person filing the otherwise proper objections that the failure to enclose the filing fee was through innocent mistake, the referee should have allowed the filing of the objections retroactive to the date at which they were originally presented to him. In most cases, it will be necessary for the referee to hear evidence and reach determination on the basis of that evidence as to whether the failure to include the filing fee was inadvertent. In this case

the court on the basis of the evidence in the record believes that the filing without the required fee was a bona fide mistake which should be excused.

Accordingly, it is ordered that the decision of the referee issued November 28, 1967 be and the same hereby is reversed and that the referee allow the filing of the objections retroactive to the date on which they were originally presented to his office.