In the Matter of Gary Dee **KITRELL,**
**Bankrupt.**
**No. 72 B 116.**

United States District Court,
E. D. Missouri, E. D.

Aug. 21, 1974.

Donald R. Wilson, Clayton, Mo., for Trustee Curtis L. Mann.

Richard P. Nangle, St. Louis, Mo., for bankrupt.

## MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court upon the Petition by Curtis L. Mann, Trustee in Bankruptcy, requesting the review of an order by the Honorable Robert E. Brauer, Referee in Bankruptcy, ruling against Trustee's Petition to Require Bankrupt to Vacate Real Estate. Trustee bases authority for his petition upon Section 70(a)(5) of the Bankruptcy Act of 1960 contending the real estate in question, Lot 54 of Amended Plat Section 7 of Ballwin Hills, a subdivision in St. Louis County, Missouri, as per plat thereof recorded in Plat Book 77 page 3 of the St. Louis County records, can be reached via his powers as a lien creditor. The Order of the Referee in holding against the Trustee found title to the above named real estate not in the Bankrupt solely but in the Bankrupt and his wife as tenants in the entirety.

The Referee made the following findings: Bankrupt and his wife together executed the purchase money note and deed of trust for the property; Bankrupt and his wife expressed intent to title in both their names when the sales contract was drawn up by the real estate agent; a homeowners policy of insurance drawn up by the same agent named the Bankrupt and his wife as the named insureds; and the lender's (FHA) Closing Department in correspondence with St. Louis County Sewer Co. refers to Bankrupt and his wife as new owners of real estate.

588

The thrust of the trustee's argument for his right to reach the aforesaid property is the fact that the deed contained only the name of the bankrupt. The referee in response to this theory indicated that there had been an erasure of the wife's name on the deed. Accordingly, he found pursuant to the doctrine of reformation that the title of the property was in both parties (i. e., tenancy by the entirety). Recitation is made by the Referee to Corrigan, et al. v. Tiernay, et al., 100 Mo. 276, 13 S.W. 401 (1890), holding that a defective instrument of conveyance to husband and wife jointly, where husband's name was omitted, will be reformed to the parties intent relying on 2 Pom.Eq.Jur.Sec. 845. The Court stated "if a written instrument fails to express the intention which the parties had in making the contract which it purports to contain, equity will grant its relief, affirmative or defensive." 13 S.W. at 402.

More recent authority on similar facts is Lehr v. Moll, 247 S.W.2d 686 (Mo., 1952) which held "that the law in this state is that where a husband purchases real estate with his own funds and the grantees in the deed are the husband and wife, then they become tenants by the entireties, and it will be presumed that the husband intended the conveyance as a provision for his wife", 247 S.W.2d at 688–689. Authority, cited by the Referee, of Missouri cases indicates that an estate by entirety does not vest in a trustee in bankruptcy under Section 70 of the Bankruptcy Act, Dickey v. Thompson, 323 Mo. 107, 18 S.W.2d 388 (1929); Wharton, et ux v. Citizens' Bank of Bosworth, 223 Mo.App. 236, 15 S.W.2d 860 (1929); Bostian v. Jones, 244 S.W.2d 1 (Mo., 1951), where only one member of the entity is adjudged bankrupt.

Accordingly,

It is hereby ordered that the Order dated March 26, 1973 of the Honorable Robert E. Brauer, Referee in Bankruptcy, in the above styled action be and is affirmed.