**FARMINGTON PRODUCTION CREDIT ASSOCIATION, Plaintiff-Appellant,**

v.

**Kenneth ESTES and Mae Estes, his wife, Defendants-Respondents.**

**No. 9488.**

Missouri Court of Appeals,
Springfield District.

Dec. 18, 1974.

V. Kenneth Rohrer, Farmington, for plaintiff-appellant.

Ernie J. Richardson, Poplar Bluff, for defendants-respondents.

BILLINGS, Judge.

Plaintiff sued the defendants, husband and wife for the balances due on two promissory notes and obtained an attachment of real estate owned by the defendants as tenants by the entireties. On stipulated facts the trial court entered judgment dismissing plaintiff's petition and dissolving the attachment on the ground that the defendants had been discharged in federal bankruptcy proceedings from their liability to plaintiff on the notes. We affirm.

The notes contained the usual joint and several promise to pay and it is the plaintiff's contention that the separate discharges of the defendants by the bankruptcy court did not affect or discharge their

joint liability to the plaintiff. Thus, plaintiff says, even though it is not entitled to collect a judgment personally against either defendant individually because of the bankruptcy actions it should be permitted a joint judgment against the defendants and that such a judgment should be enforceable against the estate by the entireties.

The defendants are residents of Wayne County, Missouri, and their estate by the entireties is located in that county. When plaintiff instituted this suit it also filed an affidavit for attachment of the entireties property, alleging as grounds those found in Rule 85.01(5), (9), V.A.M.R. and § 521.-010(5), (9), RSMo 1969. The defendants were personally served and filed their answer to plaintiff's petition. Thereafter both defendants instituted voluntary and separate bankruptcy proceedings in the United States District Court for the Eastern District of Missouri, Southeastern Division. The sums due plaintiff under the notes were scheduled as debts by each defendant in their separate proceedings. The defendants were adjudicated bankrupts and plaintiff filed claims based on the notes against each bankrupt and obtained allowances as a nonsecured creditor. The bankruptcy proceedings were not consolidated and the estate by the entireties was not included as an asset of either of the bankrupt's estates.

Following the separate discharges of the defendants by the bankruptcy court they filed an amended answer herein pleading the further defense of their discharges in bankruptcy. Plaintiff's reply alleged that to the extent of the attachment and as to the property attached the indebtedness represented by the notes was not extinguished by the bankruptcy proceedings.

In this appeal the plaintiff emphasizes the joint promise of the defendants in the notes and the fact that the estate by the entireties was not included as an asset in either bankrupt's estates. From this plaintiff advances the proposition that the joint liability of defendants was not discharged in bankruptcy and that it is entitled to look to the real estate for satisfaction of the sums remaining due under the notes. For the reasons hereinafter appearing we disagree.

■ The estate by the entireties was properly excluded as an asset of either defendant in the separate bankruptcy proceedings. Shipman v. Fitzpatrick, 350 Mo. 118, 164 S.W.2d 912 (1942); Dickey v. Thompson, 323 Mo. 107, 18 S.W.2d 388 (1929); 166 A.L.R. 986 (1947); In re Wetteroff, 453 F.2d 544 (8th Cir. 1972). This is because the defendants, being husband and wife and owning the realty, are seised of the property by the entirety and not by moieties. Wimbush v. Danford, 292 Mo. 588, 238 S.W. 460 (1921). Since the individual defendants were declared bankrupts in separate proceedings the estate by the entireties could not be an asset of either tenant. Shipman v. Fitzpatrick, supra, 350 Mo. at 120–121, 164 S.W.2d at 913.

The proposition advanced by the plaintiff in this case is neither new or novel, having been urged by creditors or husbands and wives who owned real estate as tenants by the entireties in previous cases where one or both of the tenants had received a discharge in bankruptcy. In Wharton v. Citizens' Bank of Bosworth, 223 Mo.App. 236, 15 S.W.2d 860 (1929), 82 A.L.R. 1236 (1933), the husband and wife had given their "joint and several" note to a creditor and the husband had voluntarily initiated bankruptcy proceedings and had been discharged. The creditor obtained a judgment against the wife and sought a lien against an estate by the entireties. The court rejected the creditor's various arguments, similar to those made by instant plaintiff, and pointed out that in order for property owned by a husband and wife as tenants by the entireties to be reached by a judgment creditor there must be a joint judgment against both spouses and "[i]t is impossible to obtain a judgment against the entity, independent of a judgment against its natural members.

The judgment must be against the husband and wife." Id. at 240, 15 S.W.2d at 862. In answer to the creditor's contention that the adjudication of the husband did not affect the estate by the entireties since the realty never became an asset of the trustee in bankruptcy, the court held that the husband's discharge in bankruptcy destroyed his debt and destroyed the creditor's right to a joint judgment against the spouses. And, without a joint judgment against the husband and wife, the estate by the entireties could not be "looked to" by the creditor.[1]

The Supreme Court reached the same conclusion in Dickey v. Thompson, supra, where both the husband and wife, in separate voluntary bankruptcy proceedings, had been adjudicated bankrupts. The plaintiff was the trustee of the husband individually and trustee of the wife individually, and brought suit to set aside certain conveyances made by the bankrupts as fraudulent. There was some evidence that one tract of land was owned by the husband and wife as tenants by the entireties. After noting that the husband and wife had the same debts and that the debts were their joint obligations, the court said that following their adjudication in bankruptcy their common creditors could not obtain judgments upon the notes listed in their separate schedules. The court observed that a creditor of tenants by the entireties who had been adjudged bankrupts was not wholly without remedy, if proper and timely procedure was followed in the bankruptcy proceedings, but that failure to enforce its right before discharge of the bankrupts would result in their discharge in bankruptcy discharging their liability for the debts. The court held that if the tract of real estate was owned by the husband and wife as tenants by the entireties the plaintiff was without authority to reclaim and interfere with it.

Here the debts represented by the two promissory notes were scheduled as liabilities of both the husband and wife in their separate bankruptcy proceedings. Plaintiff filed claims, based on the notes, against each bankrupt's estate. Plaintiff's claims were recognized and allowed as non-secured claims. The discharge of the defendants by the bankruptcy court destroyed the individual and personal liability of both the husband and wife and without a joint judgment against them their entireties property cannot be reached. The discharges to defendants of their indebtedness to plaintiff are res adjudicata [Wharton v. Citizens' Bank of Bosworth, supra at 243, 15 S.W.2d at 863], and the trial court properly dismissed plaintiff's petition.

Plaintiff seeks to avoid the principles of the foregoing decisions by stressing the attachment it obtained when this suit was filed. Plaintiff would have us equate the lien of an attachment with that of a judgment and argues that since the attachment was obtained prior to the defendant's discharges in bankruptcy that the estate by the entireties can be looked to in satisfaction of the indebtedness. This contention overlooks the fact that plaintiff cannot proceed to judgment against the husband and wife for the reasons just stated. And, in this state attachment is considered a provisional remedy, ancillary to an action commenced on or before the time when the attachment is sued out. Fields v. Henderson's Estate, 222 Mo.App. 1051, 6 S.W.2d 68 (1928). It is not a proceeding in rem, as the property is no party to the suit, but is brought before the court in aid of the remedy against the individual sued. Bray v. McClury, 55 Mo. 128 (1874). In Lubrication Engineers, Inc. v. Parkinson,

---

1. Contra: Edwards and Chamberlin Hardware v. Pethick, 250 Mich. 315, 230 N.W. 186 (1930), anno. 82 A.L.R. 1232 (1933). Also see, Aull, Bankruptcy—Effect of Discharge of One Tenant By The Entireties,

6 Mo.L.Rev. 207 (1941); Lee, Dischargeability of Debts—Effect of a Discharge of a Tenant by the Entirety on Enforceability of Joint Obligation of Both Tenants, 47 Am. Bkcy. Journal 47 (1973).

341 S.W.2d 876 (Mo.App.1961), this court, speaking through Stone, J., said (l.c. 878): "The harsh and extraordinary remedy of attachment is purely ancillary to the main suit, has nothing to do with the merits, and is a summary, anticipatory method of impounding defendant's assets to facilitate collection of the judgment against him, *if and when* one be obtained." The bankruptcy discharges stand as a bar to plaintiff's action on the notes and the attachment, being purely ancillary, cannot revive that which was extinguished.

In a further effort to persuade us that the trial court erred in its judgment, plaintiff (continuing to equate the lien of an attachment with a judgment lien) says that it is entitled to a special judgment against the defendants enforceable by a special execution against the estate by the entireties. This presupposes a judgment against the defendants and we have held plaintiff cannot proceed to judgment against the defendants because of their discharge in bankruptcy. Additionally, "When the defendant is summoned to appear, or shall appear voluntarily, the like proceedings shall be had between him and the plaintiff as in ordinary actions commenced by summons, and a *general judgment* may be rendered for or against the defendant." § 521.370, RSMo 1969 (our emphasis); State ex rel. Fenn v. Conran, 212 S.W. 869 (Mo. 1919).

In view of the foregoing we deem it unnecessary to consider the point discussed by the parties as to the validity or invalidity of the attachment under the Bankruptcy Act, 11 U.S.C. § 107 (as amended 1966).

The judgment is affirmed.

TITUS, C. J., and STONE, J., concur.

HOGAN, J., not sitting.

McHANEY, Special Judge, took no part in the consideration or decision of this case.