415 F.Supp. 521 (1976)
In re Martin C. MAGEE, Bankrupt,
RENSENHOUSE ELECTRIC SUPPLY COMPANY, INC., Plaintiff,
v.
Martin C. MAGEE, Defendant.
No. 74 B 1819-W-1.
United States District Court, W. D. Missouri, W. D.
April 12, 1976.
*522 William J. Hill, Kansas City, Mo., for plaintiff.
Thomas A. Schwindt, Kansas City, Mo., for bankrupt-defendant.

MEMORANDUM AND ORDER
JOHN W. OLIVER, District Judge.
This bankruptcy appeal presents several questions concerning the propriety of the Bankruptcy Court's order exempting an action on an alleged joint obligation against the bankrupt and his wife from automatic stay and postponing discharge of the bankrupt's debts pending completion of the action in state court. Appellant Martin C. Magee, the bankrupt, noticed an appeal from two orders entered by the Bankruptcy Judge. The first order denied appellant's motion to dismiss appellee Rensenhouse's amended complaint seeking to except the alleged joint obligation suit from the automatic stay of all actions against the bankrupt "founded on an unsecured provable debt other than one not dischargeable under clause (1), (5), (6), or (7) of § 17a of the Act." Bankruptcy Rule 401(a).
The second order, entered after a hearing on appellee's amended complaint, granted the relief requested, and stayed the bankrupt's discharge until the action in state court against the bankrupt and his wife is completed. Since essentially the same issues are presented in both appeals, we will treat them together.

I.
The background of this case can be briefly summarized. The facts are virtually undisputed.
On November 8, 1974, the bankrupt filed his voluntary petition in bankruptcy, together with accompanying schedules. Ten days later the Bankruptcy Judge by written order set the first meeting of creditors for December 16, 1974. The Court fixed January 15, 1975 as the last day for filing objections to discharge of the bankrupt's debts. On December 16, 1974, the bankrupt appeared for examination, but no creditors appearing, the meeting was continued by the Bankruptcy Judge until January 15, 1975. Due to the illness of the Bankruptcy Judge, the first meeting of creditors was not reconvened on January 15, and nothing occurred in the case until February 13, 1975, when, by order of the Bankruptcy Judge, the first meeting of creditors was again continued until March 14, 1975.
Meanwhile, on February 20, 1975, Rensenhouse had commenced an action in state court against bankrupt, his wife and Bomar *523 Electric Company, Inc., alleging that they were jointly and severally liable on a promissory note. On March 14, the appellee Rensenhouse filed its amended complaint in the bankruptcy proceeding seeking an order exempting this suit from the automatic stay provided in Bankruptcy Rule 401. Rensenhouse claimed that its right to seek a joint judgment on a joint obligation and thereafter satisfy the judgment by execution on property held by the joint obligors in an estate by the entirety had been "clouded by the automatic stay order." It sought an order from the Bankruptcy Court "clarifying, preserving and excepting Applicant's right to proceed in said pending state action against Bankrupt only to the extent that any judgment that may be rendered therein against the Bankrupt shall be limited to a joint judgment against the Bankrupt and his wife, Barbara J. Magee, and that any execution of any such joint judgment shall be limited to assets held by the entirety by the Bankrupt and his wife, Barbara J. Magee."
Shortly thereafter the bankrupt filed a motion to dismiss appellee's amended complaint. Appellee also sought an order of discharge. The Bankruptcy Judge overruled this motion, directed the bankrupt to file an answer, declined to enter an order of discharge and set the matter for hearing on June 11, 1975. The hearing was adjourned on that day and reconvened on July 16, 1975. On September 2, the Bankruptcy Court filed its memorandum opinion and an order staying discharge "for such reasonable time as is necessary to permit Rensenhouse to prosecute to final judgment" its claim against bankrupt and his wife, vacating the automatic stay of all actions against the bankrupt to permit prosecution of Rensenhouse's claim to final judgment, and enjoining Rensenhouse from enforcing any judgment it might obtain other than by proof of a claim in bankruptcy and a levy on real estate owned at bankruptcy by the bankrupt and his wife in an estate by the entirety. The bankrupt appeals from both the order denying his motion to dismiss and the order granting relief to Rensenhouse on its amended complaint.
Essentially, two issues are presented here: (1) whether Rensenhouse's amended complaint was timely filed; and (2) whether the Bankruptcy Judge erred in exempting the Rensenhouse claim from automatic stay and delaying discharge pending prosecution of Rensenhouse's claim in Missouri state court. For the reasons which we shall state, we affirm the decision of the Bankruptcy Judge.

II.
The timeliness issue presents a question of interpretation of the new Bankruptcy Rules. Appellant contends that no showing of excusable neglect has been made under Bankruptcy Rule 906(b)(2), which he claims is necessary to permit filing of objections to discharge after the period specified in the original order setting the first meeting of creditors. Furthermore, the appellant argues that he was prejudiced by Rensenhouse's late filing, and that under Section 14 of the Bankruptcy Act, 11 U.S.C. § 32(b), and Rule 404(d), the Bankruptcy Court has no other choice but to discharge the bankrupt if no objections are filed within the time fixed by the Court. Since the time for objections under the Bankruptcy Court's order of November 18, 1974 expired prior to the filing of the amended complaint, appellant claims he is entitled to discharge.
The Bankruptcy Judge found appellant's arguments unpersuasive. He concluded that Section 14 and Rule 404 could not be read so strictly. He could find no prejudice resulting from the filing of the amended complaint after the expiration of the time for filing objections to discharge. Since no order of discharge had ever been entered as of March 14, 1975, the Bankruptcy Judge concluded that Section 14 and the Bankruptcy Rules did not prevent considering Rensenhouse's amended complaint on the merits. We agree.
Section 14(b)(2) provides in relevant part as follows:
(2) Upon the expiration of the time fixed in the order for filing objections or *524 of any extension of such time granted by the court, the court shall discharge the bankrupt if no objection has been filed and if the filing fees required to be paid by this Act have been paid in full; otherwise, the court shall hear such proofs and pleas as may be made in opposition to the discharge, by the trustee, creditors, the United States attorney, or such other attorney as the Attorney General may designate, at such time as will give the bankrupt and the objecting parties a reasonable opportunity to be fully heard. [11 U.S.C. § 32(b)(2) (Supp.1975).]
Bankruptcy Rule 404(d) closely parallels the language and import of Section 14(b)(2).
Treating Rensenhouse's amended complaint as one objecting to discharge, Bankruptcy Rule 404(c) clearly gives the Bankruptcy Judge discretion to permit filing after the fixed period:

Extension of Time. The court may for cause, on its own initiative or on application of any party in interest, extend the time for filing a complaint objecting to discharge. [Emphasis added]
If Rensenhouse's complaint is considered as one contesting the dischargeability of its note, the Bankruptcy Judge is also given discretion to consider untimely complaints under Bankruptcy Rule 409(a)(2):

Time for Filing Complaint Under § 17c(2) of the Act; Notice of Time Fixed. The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to § 17c(2) of the Act. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the first meeting of creditors. The court shall give creditors at least 30 days' notice of the time so fixed except that only 10 days' notice is required if notice of no dividend is given under Rule 203(b). Such notice shall be given to all creditors in the manner provided in Rule 203. The court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph [Emphasis added]
No order of discharge was ever entered in this case. We find no error in the Bankruptcy Judge's decision to consider Rensenhouse's amended complaint on the merits even though it was filed after the expiration of the time for filing objections to discharge. The Bankruptcy Rules clearly permit such action by the Bankruptcy Court on its own initiative.

III.
The second issue presented here concerns the propriety of the Bankruptcy Judge's excepting Rensenhouse's action on the promissory note from the automatic stay order and postponing discharge until Rensenhouse has an opportunity to reduce its claim against bankrupt and his wife to judgment. This question has troubled Bankruptcy Judges and District Courts for some time. The Bankruptcy Judge here reasoned that to permit the bankrupt to discharge his debts would lead to the inequitable result of Rensenhouse never being able to seek enforcement of its claim against property held by bankrupt and his wife in a tenancy by the entirety. This is because, under Missouri state law, such property could not be reached by obtaining a judgment against the bankrupt's wife alone. Only upon entry of a joint judgment against both the bankrupt and his wife could Rensenhouse levy on any estate by entirety held by them. Such a joint judgment would be foreclosed by allowing the bankrupt to discharge his part of the obligation.[1]Wharton v. Citizens Bank, 15 S.W.2d 860 (Mo.App.1929); see Dickey v. Thompson, 323 Mo. 107, 18 S.W.2d 388 (1929); Farmington Production Credit Ass'n v. Estes, 504 S.W.2d 149 (Mo.App. 1974). Moreover, since the bankrupt's wife had not joined him in a consolidated bankruptcy *525 proceeding, an estate by the entirety held by the bankrupt and his wife would not pass to the Trustee. See In re Wetteroff, 453 F.2d 544, 546 (8th Cir. 1972). Therefore, Rensenhouse could not reach such property by filing a claim in the bankruptcy proceeding.
The Bankruptcy Judge recognized the problem faced by Rensenhouse in this case. Indeed, he stated that what the bankrupt sought here was not a "fresh start" but a "head start." See In re Kokoszka, 479 F.2d 990, 995 (2nd Cir. 1973) aff'd sub nom. Kokoszka v. Belford, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). He followed that line of authority from the Fourth Circuit which upholds the equitable power of the Bankruptcy Court to delay discharge and permit a creditor in the position of Rensenhouse to attempt to reduce its claim to judgment against the joint obligors. Davison v. National Bank, 493 F.2d 1220 (4th Cir. 1974); Phillips v. Krakower, 46 F.2d 764 (4th Cir. 1931); In re Saunders, 365 F.Supp. 1351 (N.D.Va.1973). Such an approach is consistent with the equitable powers of the Bankruptcy Court. See Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903). This remedy is calculated to prevent what the Fourth Circuit in Krakower regarded as "legal fraud."
Appellant, however, contends that under Harris v. Hoffman, 379 F.2d 413 (8th Cir. 1967), a creditor seeking a stay to proceed against the bankrupt's property must have more than an unsecured dischargeable debt. Appellant claims that Rensenhouse must have "specific rights . . . in the property by way of contract or waiver." We find nothing in Harris v. Hoffman, supra, to support such a requirement under the circumstances of this case.
In Harris, the Eighth Circuit held that it was error for the district court to stay discharge in order to permit a creditor to perfect a lien against property which the creditor claimed was not exempt as to him. The district court relied upon the authority of Lockwood v. Exchange Bank, supra, to support such an order. In reversing, the Eighth Circuit did not find any lack of power to stay discharge. Rather, it disagreed with the district court's conclusion that a prima facie waiver of exemption existed as to the creditor seeking a stay. The Court found that it would be futile to stay discharge where, under either federal or state law, the lien obtained by the creditor would not be enforceable.
Harris has no applicability to the facts of this case. Here any lien obtained by Rensenhouse in its suit against the bankrupt and his wife will be enforceable against property held by them in an estate by the entirety.[2]Wharton v. Citizens Bank, supra. Furthermore, Harris cannot properly be read to stand for the proposition that a creditor seeking a stay in order to enforce a joint obligation against property held in tenancy by the entirety must somehow have more than an unsecured claim. Harris dealt with a creditor's right in otherwise exempt property; not jointly held property.
Appellant also relies on Harris v. Manufacturer's National Bank, 457 F.2d 631 *526 (6th Cir. 1972), to support his argument that the Bankruptcy Judge erred in excepting the Rensenhouse claim from automatic stay and postponing discharge. That case merely reaffirmed the rule that after discharge of one spouse in bankruptcy, a creditor cannot enforce a joint obligation of both spouses against entirety property, notwithstanding state law to the contrary. The Bankruptcy Judge specifically discussed Manufacturer's National in his memorandum opinion, and concluded that it did not announce any different rule than that applied here. We agree.
In summary, we find no error in the Bankruptcy Judge's order excepting the Rensenhouse claim from automatic stay and delaying discharge until the prosecution of that claim is concluded.
Accordingly, and for the reasons stated, it is
ORDERED (1) that the Bankruptcy Judge's Order Overruling Appellant's Motion to Dismiss Amended Complaint to Except Joint Obligation from Automatic Stay and Motion for Entry of Order of Discharge should be and the same is hereby affirmed. It is further
ORDERED (2) that the Bankruptcy Judge's order staying discharge and vacating the stay, provided for by Bankruptcy Rule 401, should be and the same is hereby affirmed.

APPENDIX

MEMORANDUM OPINION
Pending for decision are the issues raised by the Amended Complaint To Except Joint Obligation From Automatic Stay Order, filed March 14, 1975, by Resenhouse Electric Supply Company, Inc., and by bankrupt's Answer thereto.[1] Hearing was had on June 11, 1975, and on July 16, 1975, when the hearing was concluded.
By its Amended Complaint, Rensenhouse seeks an order vacating or modifying the stay of Bankruptcy Rule 401(a) and permitting it to prosecute, to final judgment, Count I of its Petition On Promissory Note And On Account, filed February 20, 1975, in the Jackson County Circuit Court, Cause No. CV75-0593; bankrupt and his wife, Barbara J. Magee, defendants in the case, along with defendant Bomar Electric Co., Inc., are alleged in Count I of that Petition to be jointly and severally liable to Rensenhouse, in the sum of $48,174.30, upon a promissory note jointly and severally executed by them.
Rensenhouse seeks permission to prosecute its petition in the Jackson County Circuit Court, to final judgment, in the hope that it will recover in that proceeding a joint judgment against the bankrupt and his wife, so as then to be able to satisfy that joint judgment out of real estate owned at bankruptcy by the bankrupt and his wife as tenants by the entirety.
Bankrupt was married at bankruptcy, and his wife has not filed a petition in bankruptcy.
There is no dispute that at bankruptcy the bankrupt and his (non-bankruptcy) wife owned real estate as tenants by the entirety.[2] And, bankrupt does not defend the Amended Complaint on the factual ground that his wife did not execute the note sued *527 upon in the Jackson County Circuit Court.[3] Moreover, at the time Rensenhouse filed its Amended Complaint, an order of discharge had not been entered and has not been entered at this writing.
Bankrupt's defenses are that (1) Rensenhouse is not entitled under any circumstances to the relief requested, and (2) the request for the relief was not timely made.
As to the former:
In Missouri, entirety property cannot be reached to satisfy the individual debts of one of the spouses making up the entirety entity; and a bankrupt spouse' interest in entirety real estate, situated in Missouri, does not vest in the trustee in bankruptcy of his bankruptcy estate, when the other spouse is not in bankruptcy, and is not subject to administration in the bankruptcy proceeding. Blodgett v. U. S. (8 Cir., 1947) 161 F.2d 47, 50; Wharton v. Citizens Bank of Bosworth (Mo.App., 1929) 15 S.W.2d 860; Dickey et ux. v. Thompson (1929) 323 Mo. 107, 18 S.W.2d 388; Bostian v. Jones (Mo. Sup., 1951) 244 S.W.2d 1; U. S. v. Hutcherson (8 Cir., 1951) 188 F.2d 326. Missouri entirety property can be reached to satisfy joint debts of the spouses, however, even when only one of the entirety-entity spouses is in bankruptcy and the other not.
To permit a creditor, holding a joint obligation of the bankrupt and his non-bankrupt spouse, to reach entirety property, notwithstanding the bankruptcy proceeding and the bankrupt's desire to obtain a discharge of his provable debts, Bankruptcy Courts have permitted such a creditor to exercise the equitable remedy sought to be employed by Rensenhouse here, so long as an order of discharge has not been entered in the bankruptcy proceeding. Phillips v. Krakower (4 Cir., 1931) 46 F.2d 764, and In re Saunders (D.C.Va., 1973) 365 F.Supp. 1351 are but two reported instances. Wharton v. Citizens' Bank of Bosworth, supra, is an even earlier report of the availability of such remedy. Bankruptcy Judges in this District, it is my understanding, have routinely permitted the exercise of the remedy. Bankruptcy Judges in the Eastern District of Missouri have, as well, and this Judge's order, on a motion seeking the same relief as Rensenhouse, in In re Earl John Payne, 63B-2028, was affirmed on review by Chief Judge James H. Meredith in an unreported opinion.
The equitable remedy has been fashioned upon the authority of Lockwood v. Exchange Bank (1903) 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061; Ingram v. Wilson (8 Cir., 1903) 125 Fed. 913; Duffy v. Tegeler (8 Cir., 1927) 19 F.2d 305, and other cases cited in the Krakower and Wharton cases, supra; it was fashioned to permit creditors to satisfy their debts out of their debtors' property properly subject to the payment of such debts but not subject to bankruptcy liquidation and administration by reason of the peculiarities of states' property and exemptions laws. As stated in the Krakower case, supra (46 F.2d loc. cit. 765, 766):
"And so, although the bankruptcy proceeding has brought no interest in the estate by the entireties into court for the benefit of the creditors of Phillips, his discharge in bankruptcy will remove that entire property beyond the reach of creditors entitled to subject it to their claims. The question presented is whether, without giving these creditors an opportunity to proceed, the court should grant the discharge knowing that it will result in legal fraud i. e. the effective withholding of the property from the reach of those entitled to subject it to their claims, for the beneficial ownership and possession *528 of those who created the claims against it. We cannot conceive that any court would lend its aid to the accomplishment of a result so shocking to the conscience.
"The purpose of the bankruptcy act was to equitably distribute the assets of distressed debtors among their creditors and to discharge them from further liability after this had been done. It was never contemplated that it should be used to perpetrate fraud or to shield assets from creditors. It is elementary that a bankrupt is not entitled to a discharge unless and until he surrendered his assets for the benefit of creditors; and he certainly is not in position to ask a court of bankruptcy, which is a court of equity, to grant him a discharge under the statute, when the effect of the discharge will be to withdraw from the reach of creditors property properly applicable to the satisfaction of their claims. Appellant complains of the delay which will result in the granting of his discharge, if same is postponed until the property held by the entireties can be subjected to the claims of those entitled to proceed against it, and says that a right granted by statute should not be thus denied him. But the doing of justice is more important than haste.
"There is ample authority for the proposition that where property is not reachable through bankruptcy, but can be reached by a creditor under state laws, the court of bankruptcy should delay granting a discharge to the bankrupt to enable the creditor to proceed thereunder in the state courts. Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 754, 47 L.Ed. 1061; Duffy v. Tegeler (C.C.A. 8th) 19 F.2d 305; In re Watson (D.C.) 201 F. 962; B. F. Roden Grocery Co. v. Bacon (C.C.A. 5th) 133 F. 515; Ingram v. Wilson (C.C.A. 8th) 125 F. 913; In re Wells (D.C.) 105 F. 762."
Notwithstanding, bankrupt's counsel believes that Harris v. Manufacturers National Bank of Detroit (6 Cir., 1972) 457 F.2d 631 would prohibit the exercise of the remedy under any circumstances, because (it is argued) its exercise is contrary to the spirit of the Bankruptcy Act, which is to give the debtor a fresh start. The Harris case [following an earlier opinion by the same court, Fetter v. U. S. (6 Cir., 1959) 269 F.2d 467] merely holds that once a discharge in bankruptcy is granted to the bankrupt spouse, a creditor holding a joint obligation cannot thereafter enforce the obligation against entirety property notwithstanding state (Michigan) substantive law to the contrary; that the bankruptcy discharge discharges the bankrupt spouse' joint and several liability upon the obligation, as a matter of federal bankruptcy law; and that that federal bankruptcy law is supreme vis a vis the state substantive law to the contrary. Harris does not hold that the remedy cannot ever be utilized, and does not announce any principle of law not recognized as valid law in the Krakower and Wharton cases.[4] Indeed, the equitable remedy, and its exercise, was fashioned and approved by those courts because of their recognition that a bankruptcy discharge once entered does discharge the entire liability (joint and several) of the bankrupt spouse upon the joint obligation. The remedy must, however, be utilized prior to discharge.
The Harris case, thus, does not hold that the remedy sought to be employed by Rensenhouse is inimical to the spirit of the Act. If it is to be so construed, then it announces bad law in my judgment; to follow it, then, would not merely give a bankrupt spouse, owning property by the entirety with a non-bankrupt spouse, a "fresh start", it would give him a "head start", which the Act does not contemplate. In re Kokoszka (2nd Cir., 1973) 479 F.2d 990, 995, aff'd Kokoszka v. Belford (1974) 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374, reh. den. 419 U.S. 886, 95 S.Ct. 160, 42 L.Ed.2d 131.
Bankrupt contends, also, that Rensenhouse's request for the relief sought was *529 not timely filed, in that it was filed, on March 14, 1975, after the time fixed for the filing of objections to discharge had expired and, as it is argued, after an order of discharge should have been entered.
Bankrupt's voluntary petition in bankruptcy was filed on November 8, 1974. His filing fee was then paid in full. On November 18, 1974, an order was entered convening the first meeting of creditors on December 16, 1974, and fixing January 15, 1975, as the last day for the filing of objections to discharge.
Bankrupt appeared, on December 16, 1974, for examination at the first meeting of creditors, presided over by this Bankruptcy Judge. Following that examination, an order was entered, on December 16, 1974, continuing the first meeting of creditors to January 15, 1975, at 3:00 p. m., and ordering bankrupt to return at that time for further examination.
The first meeting of creditors was not reconvened on January 15, 1975, due to the illness and hospitalization of this Bankruptcy Judge. On February 13, 1975, during this Judge's next session of bankruptcy hearings in Kansas City, an order was entered, that the first meeting of creditors be reconvened, on March 14, 1975, at 10:00 a. m., bankrupt then to return for further examination. Bankrupt did return, at that time, and was examined; and the first meeting of creditors was then adjourned.
An order discharging the bankrupt of his provable and dischargeable debts has not ever been entered in this proceeding. Nor has a formal order been entered extending the time (from January 15, 1975) for the filing of a complaint objecting to this bankrupt's discharge. Objections to bankrupt's discharge have not been filed and, of course, had not been filed on or by January 15, 1975, the day fixed by this Court's order of November 18, 1974, as the last day for the filing of objections to discharge.
The Rensenhouse Amended Complaint was filed on March 14, 1975. Earlier in the day Rensenhouse had filed its original pleading, seeking the same relief. (The Amended Complaint was filed to conform to the Bankruptcy Rules relative to adversary proceedings, Bankruptcy Rules 701 et seq.)
Section 14b(2) of the Bankruptcy Act, 11 U.S.C. § 32b(2), provides:
"Upon the expiration of the time fixed in the order for filing objections or of any extension of such time granted by the court, the court shall discharge the bankrupt if no objection has been filed and if the filing fees required to be paid by this Act have been paid in full; . . ."
Bankruptcy Rule 404(d) provides that:
"On expiration of the time fixed for filing a complaint objecting to discharge, the court shall forthwith grant the discharge unless (1) a complaint objecting to the discharge has been filed, (2) the bankrupt has filed a waiver under Rule 405, (3) it appears that the bankrupt has failed to attend and submit himself to examination at the first meeting of creditors or at any meeting specially called for his examination, or (4) the prescribed filing fees have not been paid in full."
Bankruptcy Rule 404(c) permits the extension of time for the filing of a complaint objecting to discharge by the court, for cause, upon its own initiative or upon application by any party in interest. Bankruptcy Rule 906(b) would seem to permit the time for the filing of such a complaint to be extended, if an order of discharge had not been entered, even upon application made after the time for filing had expired where a party's failure to act within the time fixed was the result of excusable neglect.
Bankrupt seeks dismissal of the Rensenhouse amended Complaint because, as previously stated, it was not filed within the time fixed for the filing of a complaint objecting to discharge and because a formal order extending that time had not ever been entered by this Court, arguing in substance that his discharge is deemed to have been entered prior to the filing of the amended Complaint. Bankrupt relies solely upon the apparent strictness of Section 14b(2) of the Act, and of Bankruptcy Rule 404(d), supra.
*530 Section 14b(2) has not been so strictly construed. In re Massa (2 Cir., 1943) 133 F.2d 191; In re Weidemeyer (E.D.N. Y., 1940) 32 F.Supp. 809; In re Legon (S.D. N.Y., 1949) 85 F.Supp. 946; In re Meckler (D.C.Md., 1957) 156 F.Supp. 20; In re Fithian (D.C.Md., 1957) 156 F.Supp. 877; and In re Taylor (D.C.Va., 1968) 279 F.Supp. 932. Nor has Bankruptcy Rule 409(a)(2), which relates to the filing of complaints to determine dischargeability. See In re Keenan (D.C.Wisc., 1974) Corp. Reorg. Reporter, Bankruptcy Court Decisions, p. 239 (affirming the Bankruptcy Judge's Decisions, reported in Corp. Reorg. Reporter, Bankruptcy Court Decisions, pp. 238, 239); In re Hollandsworth (Bankruptcy Judge, W.Va., 1973) C.C.H. Bankruptcy Law Reporter, para. 65,013; In re Phelps (Bankruptcy Judge, Minn., 1975) Corp. Reorg. Reporter, Bankruptcy Court Decisions, p. 399. I perceive no good reason why Bankruptcy Rule 404(d) should be construed any more strictly than Section 14b(2) of the Act nor any more strictly than Bankruptcy Rule 409(a)(2). The reported sentiment of these cases seems to be, rightly so, in my judgment, that the mere passing of time for the filing of a complaint objecting to discharge will not preclude the substantive consideration of a matter, otherwise appropriately to be determined if filed prior to such passing, absent any prejudice to the bankrupt, so long as an order of discharge has not been entered at the time the pleading initiating that matter was filed. This, for the reason that justiciable matters ought to be substantively considered and not ruled by procedural technicalities, so long as prejudice is not shown. Particularly is such true, here, where Rensenhouse, if bankrupt's contention were upheld, would be foreclosed from reaching a substantial asset, not subject to bankruptcy administration in this proceeding, a result thought to shock the conscience of a court of equity. Krakower, supra. And, I do not perceive that this bankrupt has been prejudiced by the failure of Rensenhouse to have filed its pleading on or prior to January 15, 1975, and by the filing of the amended Complaint on March 14, 1975.
Accordingly, a separate order will enter, staying bankrupt's discharge in bankruptcy and vacating the stay provided for by Bankruptcy Rule 401 in order to permit Rensenhouse to prosecute Count I of its Petition On Promissory Note, etc., filed February 20, 1975, in the Jackson County Circuit Court, Cause No. CV75-0593, against the bankrupt; permitting such prosecution of said Count I to final judgment; and restraining and enjoining Rensenhouse from enforcing, as against this bankrupt, any judgment it might obtain upon said Count I in any manner other than by the filing of a proof of claim in this bankruptcy proceeding and by proceeding against real estate owned at bankruptcy by the bankrupt and his wife as tenants by the entirety.
Dated, at Saint Louis, this 29th day of August, 1975, to be filed at Kansas City on September 2, 1975.

NOTES
[1] We note that the bankrupt apparently did not list the promissory note obligation on his schedule of debts. However, Rensenhouse was listed as a creditor on an open account and received notice of the pendency of the bankruptcy proceeding. In such a situation the automatic stay of all actions against the bankrupt, provided in Bankruptcy Rule 401(a) would be in effect.

Rensenhouse specifically sought relief from this automatic stay and the Bankruptcy Court granted such relief, in addition to staying discharge until the proceedings on Rensenhouse's claim in state court were completed. We express no opinion here on the dischargeability of the alleged Rensenhouse debt on the promissory note signed by bankrupt and his wife. The Bankruptcy Judge apparently assumed that it would be dischargeable in determining that discharge would be stayed pending the outcome of the state court action.
[2] Appellant also claims that Rensenhouse has not made a sufficient showing that it is entitled to recover against him and his wife in the state court action. Where the creditor's claim is clearly invalid under state law, a stay is not required. See In re Bishop, 482 F.2d 381, 384 (4th Cir. 1973). Here, however, the Bankruptcy Judge specifically found that Rensenhouse had made a sufficient showing on the validity of its claim to permit entry of stay. This finding is supported by the evidence and can not properly be said to be clearly erroneous.
[1] Bankrupt filed a Motion To Dismiss Amended Complaint, etc., on April 4, 1975. It was overruled by order entered May 22, 1975. An appeal from that order has been prosecuted by the bankrupt in accordance with Bankruptcy Rules 801 et seq. The same issues were presented by the Motion, as are being considered here.
[2] Bankrupt's Schedules, filed November 8, 1974, with his voluntary petition in bankruptcy, reflect that he and his wife own 2 separate parcels, 3808 Kingshighway, Kansas City, Mo., with an alleged equity of $20,300 above a deed of trust encumbrance, and 6133 Indiana, Kansas City, Mo., with no equity over and above debts secured by two deeds of trust encumbrances, and that he and his wife, as tenants by the entirety, own an undivided interest in real estate, situated in Hickory County, Mo., having an alleged value of $1,750.00.
[3] At the hearing on July 16, 1975, the parties stipulated that if bankrupt's wife were called to testify, she would testify that she examined the note upon which Count I of the state court proceeding is based; that she has no independent recollection of having signed the note; that, however, the signature "Barbara J. Magee", upon the note, looks like her signature; and that she doesn't admit that it is her signature but also doesn't deny that it is her signature.

I believe this is sufficient proof to permit Rensenhouse to prosecute Count I to judgment. Its proof, in the state court proceeding, will have to satisfy the finder of fact that Barbara J. Magee, bankrupt's wife, signed the note or otherwise authorized her name to be signed to the note, so as to impose liability upon her.
[4] Nor does Farmington Production Credit Assoc. v. Estes (Mo.App., 1974) 504 S.W.2d 149 and Browne v. San Luis Obispo Nat'l Bk. (Cir., 1972) 462 F.2d 129, relied upon by the bankrupt.