**NEW AMSTERDAM CASUALTY CO.,**
Plaintiff,

v.

**The CITY OF POPLAR BLUFF, a Municipal Corporation, and City of Third Class, Bradley Anderson Payne and Jewell Payne, Defendants.**

No. S 66 C 12.

United States District Court
E. D. Missouri,
Southeastern Division.

Oct. 25, 1966.

Blanton, Blanton & Rice, Sikeston, Mo., for plaintiff.

Ted M. Henson, Poplar Bluff, Mo., for defendant City of Poplar Bluff.

Wangelin & Friedewald, Poplar Bluff, Mo., for defendants Bradley Anderson Payne and Jewell Payne.

## MEMORANDUM OPINION

HARPER, Chief Judge.

On March 4, 1966, the plaintiff, New Amsterdam Casualty Co., brought this action under Rule 57 of the Federal Rules of Civil Procedure for a declaratory judgment that it is not liable to defend the defendant, City of Poplar Bluff, in a wrongful death action which was brought against the City by the defendants, Bradley A. Payne and Jewell Payne, and that it is not liable for any judgment which the Paynes may hereafter obtain against the City of Poplar Bluff in the said wrongful death action.

This Court has diversity jurisdiction because the amount in controversy exceeds $10,000.00 and the plaintiff is a New York corporation with residence in Connecticut, and all of the defendants are residents of the State of Missouri.

The facts come to this Court by way of a stipulation of facts, testimony at a trial, and certain exhibits which have been made a part of the record.

It is undisputed that:

On February 1, 1966, the defendants, Bradley A. Payne and Jewell Payne, brought a wrongful death action against the defendant, City of Poplar Bluff, to recover for the loss of their infant son, Bobby Lee. In the complaint in that action the Paynes alleged that Bobby Lee's death was caused by the negligent conduct of Thomas A. Harris and George Mureno, who, it is alleged, were employees and agents of the City of Poplar Bluff and acting as such when the death occurred. The Paynes alleged that Harris and Mureno negligently operated a dragline causing it to strike an electric utility pole belonging to the City Light and Water Plant, which is under the control of the Board of Public Works, and that as a result an electric transmission line attached to said pole was broken and fell to the ground near where the deceased was playing. It is alleged that Harris and

Mureno negligently failed to protect or warn of the fallen line, and as a result Bobby Lee was electrocuted.

In the present case the defendant, City of Poplar Bluff, has admitted that Harris and Mureno were employees of the Street Department of the City of Poplar Bluff and were not employees of the Board of Public Works, and that the said dragline was under the control of the Street Department.

On September 1, 1965, the New Amsterdam Casualty Company became bound on a policy of insurance, entitled "General Liability Policy," issued to the City of Poplar Bluff. A copy of this policy has been provided for the record. The construction of this policy forms the sole factual issue of the present controversy.

The first question for the court is whether the insurance policy in question covered all of the functions of the City of Poplar Bluff, including the employees of the Street Department of the City of Poplar Bluff, or if the policy was limited only to the functions of the Board of Public Works and its employees.

In determining who is insured by the policy in question we must turn to the terms and conditions of the policy itself. The Eighth Circuit Court of Appeals in Campbell v. American Farmers Mutual Insurance Co. (Reorganized School District No. 1 of Gray Ridge, Missouri v. American Farmers Mutual Insurance Co.) 8 Cir., 238 F.2d 284, had this to say with respect to a clause in an insurance policy (l.c. 288):

> "If the clause is ambiguous, it should be most liberally construed in favor of the insured, but where the language is plain and unequivocal the words used must be given their usual and natural meaning and there is no room for construction. * * * A reading of the clause in question convinces us that it is without ambiguity and that this court is without authority to rewrite the terms thereof to arrive at a conclusion more favorable to the insured than

the plain language of the contract permits."

Innumerable expressions of this rule can be found in both the state and federal courts: Lynch v. National Life and Accident Insurance Co., Mo.App., 278 S.W.2d 32; Gage v. Connecticut General Life Ins. Co., Mo.App., 273 S.W.2d 761; American Manufacturers Mutual Ins. Co. v. Wilson-Keith & Company, 8 Cir., 247 F.2d 249; Ismert-Hincke Milling Co. v. American Credit Indemnity Co. of New York, 8 Cir., 224 F.2d 538.

As far as the issue of who is a named insured is concerned, the policy under consideration is completely free of ambiguity and doubt and can have but one meaning: This Court need not resort to extrinsic evidence or to a construal of the policy in favor of the insured. In plain and concise language the policy covers:

"(1) BOARD OF PUBLIC WORKS

(2) THE CITY OF POPLAR BLUFF, MISSOURI COVERING THOSE OPERATIONS AND PROPERTIES CONTROLLED BY THE BOARD OF PUBLIC WORKS."

Since the policy covered only the activities of the Board of Public Works, the next question for the Court to determine is whether there is any possibility of the Board of Public Works, or the City, based upon its operations in connection with the Board of Public Works, being held liable on the Paynes' complaint against the City of Poplar Bluff. There is no such possibility. The insurance company only undertakes to insure those functions of the City of Poplar Bluff controlled and supervised by the Board of Public Works.

In Maryland Casualty Co. v. Dalton Coal & Material Co., D.C., 81 F.Supp. 895, the court said that where the suit of the claimed injured parties alleged negligence on the part of the insured, if the terms of the policy extended to cover the act the insurer was compelled to defend the suit notwithstanding agreement between the insurer and the insured that insured was not negligent.

In Inter-State Oil Co. v. Equity Mutual Ins. Co., Mo.App., 183 S.W.2d 328, the court stated (l.c. 332):

"The obligation of defendant to defend a suit filed against plaintiff is to be determined from the cause of action pleaded, at the time the action is commenced, not from what an investigation or a trial of the case may show the true facts to be."

 The rule that the pleadings govern whether or not the promise to defend suits against the insured becomes a duty, is supported, not only by Missouri courts, but other jurisdictions as well. Lee v. Aetna Casualty & Surety Co., 2 Cir., 178 F.2d 750; Employer's Liability A. Corp. v. Youghiogheny & O. Coal Co., 8 Cir., 214 F.2d 418.

 The Paynes' complaint alleges the negligence of the City of Poplar Bluff through its employees Mureno and Harris, who, the City of Poplar Bluff admits, were at all times relevant to this action, employees of the Street Department of the City of Poplar Bluff and not the Board of Public Works. Any insurance coverage that the City of Poplar Bluff had for the possible liability for the alleged wrongful death of Bobby Lee Payne, based upon the complaint in that action, would necessarily have to cover the Street Department. Since the policy does not cover the Street Department, the plaintiff is not obligated to defend or pay any judgment against the City of Poplar Bluff that the Paynes might hereafter obtain on their presently filed complaint in their action against the City of Poplar Bluff.

For the foregoing reasons the plaintiff, New Amsterdam Casualty Co., is not liable to defend or pay any possible judgment against the City of Poplar Bluff in Bradley A. Payne and Jewell Payne v. The City of Poplar Bluff on the complaint now pending in the Circuit Court of Butler County, Missouri.

This Court specifically points out that the above decision is based solely upon the wording of the complaint which has heretofore been filed by the Paynes in their wrongful death action against the City of Poplar Bluff. This Court does not now decide whether the plaintiff, New Amsterdam Casualty Co. would have to defend or any pay possible judgment in an action against the City of Poplar Bluff in this situation if the Paynes' complaint in their action against the City of Poplar Bluff were expanded to include the possible liability of the Board of Public Works.

This memorandum opinion is adopted by the Court as its findings of fact and conclusions of law, and the attorney for the plaintiff will prepare the proper judgment to be entered by the court and submit to the court for entry.