The **CITY OF POPLAR BLUFF,**
Appellant,

v.

**NEW AMSTERDAM CASUALTY CO.,**
Appellee.

No. 18695.

United States Court of Appeals
Eighth Circuit.

Nov. 28, 1967.

Ted M. Henson, Jr., City Atty., Poplar Bluff, Mo., for appellant.

Bernard C. Rice, of Blanton, Blanton & Rice, Sikeston, Mo., for appellee.

Before MEHAFFY and GIBSON, Circuit Judges, and STEPHENSON, District Judge.

MEHAFFY, Circuit Judge.

The City of Poplar Bluff, Missouri was sued in state court in a wrongful death action growing out of the alleged negligence of two of its street department employees. The City made demand upon appellee, New Amsterdam Casualty Co., to defend the suit and to indemnify the City for any judgment resulting there-

from. New Amsterdam refused and brought a declaratory judgment action in the United States District Court for the Eastern District of Missouri, Southeastern Division, to determine its liability, if any, under an insurance policy issued to the Poplar Bluff Board of Public Works.

▮ Jurisdiction is established by diversity of citizenship and the requisite statutory amount in controversy. The substantive law of Missouri controls.

The case was tried to the United States District Court upon a stipulation of facts, admission of facts and exhibits, and testimony of witnesses. The Honorable Roy W. Harper, District Judge, found in a memorandum opinion, reported in 261 F. Supp. 478, that the terms of the insurance policy were plain and unambiguous; that the policy covered only the activities and operations of the City's Board of Public Works; and that New Amsterdam was under no obligation to defend or indemnify against an action brought against the City based solely upon the alleged negligence of employees of the City Street Department, which Department was neither connected with, nor controlled or supervised by, the Board of Public Works. We affirm the judgment of the District Court.

The action to recover damages from the City was brought by Bradley Anderson Payne and his wife, Jewell, the surviving parents of Bobby Lee Payne, who lost his life by coming into contact with an electric transmission line which allegedly had been negligently knocked down by city employee Thomas Albert Harris by his careless and negligent operation of a dragline, the property of the City. The complaint alleged that Harris operated the dragline in such a way as to cause its boom to strike and break an electric pole of the City Light and Water Plant, causing it to fall to the ground with an energized transmission line attached. The complaint charged additional negligence against Harris and one Mureno, also a City employee, for failure to inform employees of the Light and Water Plant of the condition needing repair and for the further failure to guard the wire and warn persons and children in the area of the danger.

The record admissions reveal that Harris and Mureno were both employees of the Poplar Bluff Street Department; that neither was employed by the Board of Public Works on the date of the accident; that the dragline was not being operated by, nor was it under the control of the Board of Public Works; that the Board of Public Works and the Street Department were separate departments within the organizational structure of the City of Poplar Bluff; and that the premium on the policy was based on the payroll of the "City Water Department and Electric Company, the Board of Public Works."

The Board of Public Works was in effect a municipally owned utility company operating the water and electric departments. The insurance policy states on its face that the business of the named assured is a "public utility." More importantly, New Amsterdam issued its Comprehensive General Liability Policy to the following named assured:

"(1) Board of Public Works

(2) The City of Poplar Bluff, Missouri covering those operations and properties controlled by the Board of Public Works."

▮ The City contends that the policy is ambiguous because it is entitled a "Comprehensive General Liability Policy"; that both the City and the Board of Public Works are named assureds; and that certain exclusionary clauses, which we do not deem pertinent to our problem here, also lend ambiguity to the insurance contract. The City cites cases which enunciate the elementary rule that an ambiguous contract must be construed in favor of the insured. We, of course, agree with this salutary rule, but in situations where no ambiguity exists the law is as equally well settled that no necessity exists for employing a rule of construction; and the courts are without authority to do other than to give plain

174

language its plain meaning. This court, speaking through Judge Vogel, succinctly summed this up in the following language involving a Missouri case, Campbell v. American Farmers Mutual Ins. Co., 238 F.2d 284, 288 (8th Cir. 1956):

> "If the clause is ambiguous, it should be most liberally construed in favor of the insured, but where the language is plain and unequivocal the words used must be given their usual and natural meaning and there is no room for construction."

As pointed out, the instant complaint against the City of Poplar Bluff asserts no negligence against any employee of the Board of Public Works, and we must look to the allegations in the complaint to resolve the obligation of New Amsterdam here. The Missouri Court of Appeals in Inter-State Oil Co. v. Equity Mut. Ins. Co., 183 S.W.2d 328 (Mo.Ct.App.1944), said at page 332:

> "The obligation of defendant to defend a suit filed against plaintiff is to be determined from the cause of action pleaded, at the time the action is commenced, not from what an investigation or a trial of the case may show the true facts to be."

■ It is patently clear that the District Court correctly determined that (1) the New Amsterdam policy is free of ambiguity and insures only the Board of Public Works and only covers those operations of the property controlled by the Poplar Bluff Board of Public Works; and (2) that under the pleadings filed in the state court New Amsterdam has no obligation to defend or to pay any judgment that might hereinafter ensue based on the present wrongful death complaint.

We note and approve the expression of the District Court limiting its conclusion solely to the action pleaded in the complaint, thus not deciding the responsibility or liability of New Amsterdam in the event of the filing of any expanded complaint that might include possible liability of the Board of Public Works.

The judgment of the District Court is affirmed.