**In re TMIC INDUSTRIAL CLEANING CO., d/b/a Hawthorne Industrial Services, Debtor.**

**Richard FARRINGTON, Trustee TMIC Industrial Cleaning Co. d/b/a Hawthorne Industrial Services, Plaintiff,**

v.

**O'REILLY AUTOMOTIVE INC., a Missouri corporation, Defendant.**

**Bankruptcy No. 81–00562–S.**
**Adv. No. 81–1337–S.**

United States Bankruptcy Court,
W. D. Missouri, S. D.

April 13, 1982.

against Hawthorne Industrial Services, Inc., hereinafter Hawthorne, alleging that O'Reilly furnished goods to Hawthorne on open account for which it was not paid. A summons was issued. There is no evidence that service was made.

On October 9, 1980, O'Reilly filed an amended petition alleging failure to pay the open account, that Hawthorne was not registered with the Secretary of State and that three individuals, named Hitt, operated the business as a partnership. They were joined as defendants.

Although not pleaded in the petition, O'Reilly requested, by affidavit, a Writ of Attachment, alleging grounds set out in Section 521.010, R.S. Mo. 1969, to the effect that defendants were concealing themselves or their assets in fraud of creditors. A bond was furnished. The Court issued an Order for Attachment and garnishment in aid thereof. Service was made on several businesses which allegedly owed Hawthorne money for services.

The undisputed facts show the following as to the garnishments:

| Garnishee | Date of Service | Amount | Paid into Court |
|---|---|---|---|
| Consumers Mkt. | 10-17 80 | $1608.50 | 11 18 80 |
| Montgomery GMC | 10 10-80 | 1530.53 | 12 30 80 |
| Dohrn Transfer | 10-30 80 | 1494.50 | 12 31 80 |
| Reliable Chevrolet | 10 13 80 | 2605.17 | 1 2 81 |
| United Parcel | 10-13-80 | 2352.15 | 2 2 81 |
| Roadway Express | 10 -21 80 | 1655.52 | 2 27 81 |

TMIC Industrial Cleaning Company, hereinafter TMIC, filed an interplea on November 5, 1980, making a claim for the funds held under the various garnishments issued. TMIC alleged that neither Hawthorne nor the Hitts had any interest in the funds. On December 24, 1980, TMIC was granted leave to interplead.

TMIC, d/b/a Hawthorne Industrial Services, filed bankruptcy under Chapter 7 of the Code on February 23, 1981. Thereafter the trustee filed a Complaint seeking turnover of the garnished funds as property of the estate. By stipulation, the funds were transferred to this Court from the custody of the Circuit Clerk of Greene County.

O'Reilly moved to dismiss. The trustee moved for summary judgment. The Court requested oral argument on the contentions

Richard Farrington, Trustee, Springfield, Mo.

Virginia L. Fry, Springfield, Mo., for O'Reilly Automotive, Inc.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

On October 2, 1980, O'Reilly Automotive, Inc., hereinafter O'Reilly, filed suit in the Circuit Court of Greene County, Missouri,

of the parties. At argument it was determined that there was no issue of material fact. The controlling question is whether garnishment in aid of attachment, under the particular circumstances of this case, creates a lien superior to the status of the trustee arising on the day bankruptcy was filed.

November 25, 1980 is the 90th day prior to the filing of the bankruptcy. All of the garnishments were served prior to that day and were for a period of thirty (30) days each. All those time periods ran out before November 25, 1980, except for the garnishment to Dohrn Transport which ran to November 29, 1980. All of the money was paid into Court after November 25, 1980, except the funds from Consumers Market which were paid on November 18, 1980.

The trustee does not contend that the garnishments were faulty. He argues, however, that O'Reilly not being a judgment creditor, the lien created by the garnishment in aid of attachment does not prevail over the trustee's status under Section 544 of the Code. The state court proceeding was still at issue when bankruptcy was filed.

■ The statutes of Missouri make no distinction between a garnishment issued in aid of attachment and a garnishment issued in aid of execution.

"All persons shall be subject to garnishment, on attachment or execution, who are named as garnishees in the writ, or have in their possession goods, money or effects of the defendant not actually seized by the officer, and all debtors of the defendant . . ." Section 525.010, R.S. Mo. 1969.

Section 525.040, R.S. Mo. 1971, provides that "notice of garnishment . . . shall have the effect of attaching all personal property, money . . . or other choses in action of the defendant in the garnishee's possession . . . at the time of the service of the garnishment, or which may come into his possession or charge . . . or be owing by him, between that time and the time of his answer . . ."

■ Section 544 gives the trustee the status of the "perfect" lien creditor, without regard to whether such a creditor actually exists. "But the extent of the trustee's rights, remedies and powers as a lien creditor are measured by the substantive law of the jurisdiction governing the property in question." 4 Collier on Bankruptcy ¶ 544.02 (15th Ed.). The Code does not "confer on the trustee any greater rights than those accorded by the applicable law to a creditor holding a lien by legal or equitable proceedings." 4 Collier on Bankruptcy ¶ 544.02 (15th Ed.). See generally 4B Collier on Bankruptcy ¶ 70.49 (14th Ed.).

■ Missouri law clearly holds that the garnishment levied by a judgment creditor "creates a lien which cannot be impaired by subsequent action by others for the same fund." *Vittert Construction and Investment Company v. Wallcovering Contractors, Inc.,* 473 S.W.2d 799, 804 (Mo.App. 1971). But see *McGarry v. Lewis Coal Co.,* 93 Mo. 237, 6 S.W. 81 (1887) which holds that service of a garnishment does not create a lien where tangible personal property is involved. See also *Marx v. Hart,* 166 Mo. 503, 66 S.W. 260 (1901) holding that garnishment did not give the attaching creditor "a full and clear lien upon the specific property" in the hands of the garnishee. Id. at 266. These issues appear to be resolved by *Vittert,* supra, and by the decision in *State ex rel Mather v. Carnes,* 551 S.W.2d 272 (Mo.App.1977).

■ In *Dugan v. Missouri Neon & Plastic Advertising Co.,* 472 F.2d 944, 952 (8th Cir. 1973), the Court of Appeals, citing *Vittert,* supra, recognized that:

"a garnishment summons in aid of execution of a judgment and on intangible property creates a choate lien so as to entitle that garnisher to the status of a judgment lien creditor who takes priority against a subsequently filed federal tax lien."

The Supreme Court has held consistently that the relationship between a tax lien and a lien created by state law is a matter of federal law. *United States v. Security Trust-Savings Bank,* 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950); *U. S. v. Acri,* 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264 (1955). A federal tax lien prevails over a lien deter-

mined by federal law to be inchoate regardless of its characterization as a matter of state law.

But the powers of the trustee as a lien creditor are a matter of state law. See Collier, supra, and *Robbins v. Bostian*, 135 F.2d 298 (8th Cir. 1943). While a garnishment in aid of attachment is an inchoate lien, because it can be set aside if the attachment is dissolved or if the attaching creditor does not obtain a judgment, as a matter of Missouri law, it prevails over a subsequent lien creditor seeking to attach the same fund.

"The levy of the writ of attachment not only serves to establish the special property interest of the officer in the goods, but also puts the property out of the control of the attachment debtor and closes it to subsequent levy of another creditor." *State ex rel Mather* supra at 282.

The fact that other parties may interplead to claim the fund garnished does not alter the substantive law. The right to interplead only creates a procedure for determining the rights of various claimants in a single forum; it does make the attachment more vulnerable. See Section 525.090, R.S. Mo. 1969 and *National Surety Corporation v. Fisher*, 317 S.W.2d 334 (Mo.1958).

The holding in *Farmington Production Credit Association v. Estes*, 504 S.W.2d 149 (Mo.App.1974) does not change the law announced in *Carnes*, supra. In *Farmington*, plaintiff filed suit on a note and attached real property owned by defendants as tenants by the entirety. Defendants then took bankruptcy under the Act and the cases were not consolidated. Defendants were discharged in bankruptcy and then sought to dissolve the attachment. The Court held that the discharge in bankruptcy "destroyed the individual and personal liability of both the husband and wife and without a joint judgment against them their entireties property cannot be reached." 504 S.W.2d at 152.

The opinion in *Farmington*, supra, does not disclose whether the attachment was made during the preference period. The decision may be distinguished on that ground; it is certainly distinguishable on the ground of the character of the estate as an entirety. In addition, a corporation may not be discharged in bankruptcy. Section 727(a)(1) of the Code, Title 11, U.S.C.

The garnishment in aid of attachment creates an inchoate lien. But the clearest statement of the law of Missouri, by which this Court is bound, see *City of Poplar Bluff v. New Amsterdam Casualty Co.*, 386 F.2d 172 (8th Cir. 1967); *Travelers Indemnity Company v. Nationwide Mutual Ins. Co.*, 227 F.Supp. 958 (D.C.W.D.Mo.1964), is set out in *Carnes*, supra. This result is not, however, a final determination of rights to the funds. It means only that the trustee has not established a priority on the basis of the present state of the record. It does not preclude further actions, either in the state court or in the bankruptcy court.

The Court holds, therefore, that the O'Reilly lien, which attached prior to the preference period, prevails over the lien of the trustee which arose on the day of filing. O'Reilly must account for any funds received from Dohrn Transport from the period November 25, 1981 through November 30, 1981 because these are subject to being recovered as preferential. The Motion of O'Reilly to dismiss is otherwise SUSTAINED.