**In re Charles David COCHARD and Linda Lou Cochard, Debtors.**

**David A. SOSNE, Trustee, Plaintiff,**

v.

**Karla WOODS, Defendant.**

**Bankruptcy No. 92–45719–293.
Adv. No. 92–4472–293.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

June 30, 1993.

---

David A. Sosne, Trustee, St. Louis, MO.

John D. Beger, Rolla, MO, for defendant.

Office of the U.S. Trustee, St. Louis, MO.

### MEMORANDUM OPINION

DAVID P. MCDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(F), which the Court may hear and determine.

### PROCEDURAL BACKGROUND

The Debtors filed their Petition for protection under Chapter 7 of Title 11, United States Code on August 20, 1992. The Trustee filed this adversary seeking to recover two transfers of funds in the amounts of $1,775.94 and $2,396.47, as preferential transfers pursuant to 11 U.S.C. § 547. The parties agreed that the facts were not in dispute and submitted the case to the Court upon the filing of their briefs and a stipulation of facts.

### FACTUAL BACKGROUND

The defendant, Karla Woods, is the daughter of Debtor Linda L. Cochard and the stepdaughter of Debtor Charles D. Cochard. Woods obtained a judgment in the Circuit Court of Franklin County, Missouri against the Cochards on August 27, 1991 in the aggregate amount of $53,-300.00. Woods filed two writs of garnishments in aid of execution of the judgment, seeking to garnish property of the Debtor Charles Cochard in the hands of garnishee Trans World Airlines (TWA) of Kansas City, Missouri. Both writs were filed within one year preceding the Debtors' filing of their petition. The first writ of garnishment in aid of execution was filed on November 7, 1991 and made returnable on March 30, 1992. Pursuant to the writ of garnishment the Circuit Clerk of Franklin County received the amount of $1,375.00 on March 30, 1992. A second writ of garnishment, issued on May 7, 1992, was served on May 18, 1992. TWA filed interrogatories in the Circuit Court indicating the garnishment of $1,775.94.

### DISCUSSION

The trustee contends that the payments Ms. Woods received pursuant to the garnishments she served upon TWA constitute preferences and that the Court should order her to turn over those funds to the estate. To establish that a transfer constitutes a preference, the trustee must prove a number of elements set forth in section 547 of the Bankruptcy Code. 11 U.S.C. § 547(b) (1979). Among the elements the trustee must prove are, one, that a transfer occurred within the preference period (nine-

ty days before the filing of the debtors' bankruptcy petition, unless the recipient of the transfer is an "insider" in which case the period is the year before the debtors filed their petition)[1] and, two, that the debtors were insolvent when the transfer occurred. 11 U.S.C. § 547(b) (1979).[2]

In *Farrington v. O'Reilly Automotive, Inc. (In re TMIC Indus. Cleaning Co.)*, 19 B.R. 397 (Bankr.W.D.Mo.1982), Judge Pelofski held that the lien created under Missouri law when a creditor served a garnishment upon one holding a debtor's assets was superior to the trustee's lien arising under section 544 of the Bankruptcy Code so long as the garnishor served his garnishment upon the garnishee more than ninety days before the debtor filed for bankruptcy court protection. In reaching his decision, Judge Pelofski reviewed Missouri case law and determined that in Missouri "the garnishment levied by a judgement creditor 'creates a lien which cannot be impaired by subsequent action by others for the same fund.'" 19 B.R. at 399 (quoting *Vittert Constr. and Inv. Co. v. Wallcovering Contractors, Inc.*, 473 S.W.2d 799, 804 (Mo.Ct.App.1971). The *Vittert* court held that service of a writ of garnishment creates a lien upon the money subject to garnishment. 473 S.W.2d at 804. Judge Pelofski acknowledged that some cases the Missouri Supreme Court issued long ago suggest that "service of a garnishment does not create a lien where tangible personal property is involved" but he concluded that the more recent decisions of the Missouri Court of Appeals had resolved the conflict. 19 B.R. at 399. See *Marx v. Hart*, 166 Mo. 503, 66 S.W. 260 (Mo.1901); *McGarry v. Lewis Coal Co.*, 93 Mo. 237, 6 S.W. 81 (Mo.1887); *State ex rel. Mather v. Carnes*, 551 S.W.2d 272 (Mo.Ct.App.1977). Applying this law to the case before us, the Court concludes that any transfers from the Debtors to Ms. Woods which might qualify as preferences occurred when Ms. Woods served her garnishments upon TWA. Ms. Woods served both garnishments upon TWA before May 22, 1992, the ninetieth day before the Debtors filed their bankruptcy petition. Hence, these transfers can only be transfers if this Court finds Ms. Woods is an insider. However, given the Court's resolution of this matter, it does not have to reach the question of whether Ms. Woods is an insider.

A second element the trustee must prove in order to establish that a transfer is a preference is that the debtors were insolvent when they made the transfer. 11 U.S.C. § 547(b)(3) (1979). The debtors are presumed to have been insolvent for the ninety days preceding the filing of their bankruptcy petition. 11 U.S.C. § 547(f) (1979). The Code's presumption of insolvency, however, does not help the trustee in this case because the two transfers now alleged to be preferences occurred more than ninety days before the Debtors filed their bankruptcy petition with this Court. After reviewing the briefs and stipulation of facts the parties filed in this matter, the Court has concluded that the trustee has failed to prove that the Debtors were insolvent on either November 7, 1991 or May 7, 1992. Because the trustee has not shown that the Debtors were insolvent when the allegedly preferential transfers occurred, the Court cannot find that those transfers constitute preferences that the trustee can avoid under section 547(b) of the Bankruptcy Code.

An Order consistent with this Memorandum Opinion will be entered this date.

### ORDER

For the reasons set forth in the Memorandum Opinion filed this date, IT IS ORDERED that:

1. The trustee asserts that Ms. Woods is an insider under the Bankruptcy Code. Ms. Woods argues that though the debtors are her mother and stepfather, a relationship which falls within the Code's definition of insider, she is not an insider because, in reality, her relationship with the debtors is adversary. The Court does not reach the issue of whether Ms. Woods is an insider.

2. Under the Bankruptcy Code, debtors are presumed to have been insolvent for the ninety days preceding the filing of their bankruptcy petition. 11 U.S.C. § 547(f) (1979).

(1) the trustee's request for an order declaring the payments Ms. Woods received pursuant to the garnishments she served upon Trans World Airlines on November 7, 1991 and May 7, 1992 to be preferential transfers within the meaning of 11 U.S.C. § 547 IS DENIED; and

(2) the trustee's request for a judgement against Defendant Woods in the amount of Two Thousand Three Hundred Ninety-six and 47/100th Dollars ($2,396.47), together with interest from the date of demand IS DENIED.